Thelma DETTLER, Plaintiff-Respondent,

v.

Carlos J. SANTA CRUZ and Ann Santa Cruz, his wife, and Joseph Lochirco and Betty Jean Lochirco, his wife, Defendants-Appellants.

No. 32232.

St. Louis Court of Appeals.

Missouri.

May 17, 1966.

Cupples, Cooper & Haller, Irving L. Cooper, Clayton, for defendants-appellants.

Daniel, Raskas & Ruthmeyer, H. Jackson Daniel, Jerome Raskas, St. Louis, for plaintiff-respondent.

BRADY, Commissioner.

Appellants seek reversal of a judgment rendered against them and in favor of respondent in the sum of $5,500.00 actual damages and $2,000.00 punitive damages rendered in respondent's action for dam-

ages resulting from appellants' false and fraudulent representations regarding the use of a building purchased by respondent from the appellants. Among other allegations of prejudicial error the appellants contend the trial court should have sustained their separate motions for directed verdicts offered at the close of all the evidence. In passing upon that allegation we are required to view the evidence in the light most favorable to the respondent and the facts bearing upon that point will be so stated. The parties will hereafter be referred to by name or by their designation in the trial court.

In February of 1961 the defendants purchased a house located at 5732 Waterman in the City of St. Louis. At the date of their purchase and throughout their ownership the house was rented as a three family dwelling. In April of 1961 the defendants received a letter from the administrative assistant to the building commissioner of the City of St. Louis stating that use of this dwelling as a three family apartment was illegal under the zoning ordinances of the city as it was located in an area zone for single family occupancy. On June 2 of that same year Mr. and Mrs. Santa Cruz were sent a similar letter. On the 12th of that same month they were sent another letter and subsequent letters were sent to them on December 12 and on January 4, October 8, and October 29 of 1962. The letter of October 8 stated that there was a violation of zoning ordinance 50547, section 6, in that occupancy was in excess of one family and warned the owners to "reduce occupancy to one family use at once." The letter of October 29 contained the same admonition.

About the middle of November the defendants inserted an advertisement in a St. Louis newspaper offering this property for sale as three family income property. Plaintiff answered the advertisement and inspected the property with Mr. Santa Cruz who, during the course of the negotiations between the parties, told her each of the three units could be rented separately and what the rental of each unit was. Plaintiff inspected the property with her ex-husband, Dettler, who was to examine the construction of the building and on another occasion with Allen Bailey, her husband at the date of trial. Negotiations followed and on November 30, 1962, the defendant Santa Cruz prepared a sales contract which plaintiff and Santa Cruz signed. On December 6, 1962, the city sent yet another letter to Santa Cruz and also sent a copy to Mr. Lochirco. The closing of the sale took place at the end of that same month with plaintiff, her ex-husband Dettler, and the male defendants present. Also present was Mr. Friedman, a real estate agent whose presence and services Santa Cruz had arranged. The plaintiff never knew Mr. Friedman prior to the closing nor had any contact with him. She paid him $53.00 for his services at the closing. On April 25, 1963, the city directed a letter similar to those previously sent to Mr. Lochirco with a copy to Mr. and Mrs. Santa Cruz. In May of that year, having discovered the sale to the plaintiff, the city authorities sent a letter to her and followed with another to her on July 9. A suit against the plaintiff due to the violation of the city ordinance was set for trial the day following trial of the instant action.

Both Lochirco and Santa Cruz were called as an adverse witness by plaintiff. Lochirco's testimony was that he was a barber by trade but that four or five times prior to the purchase of the property here involved he had bought income property to supplement his income; that Santa Cruz had negotiated the sale for all the defendants with the result that he first met plaintiff at the closing of the sale; that he had received letters from the building commissioner's office starting in April of 1961 asking him to reduce the use of the property to a single family dwelling; and that he never told the plaintiff of these letters. Santa Cruz testified that he had purchased a couple of parcels of real estate but had never been in the real estate business; that he told plaintiff the property was a three

family dwelling because that was the way they had purchased it; that "I knew that the City of St. Louis had sent us a couple of notices on this, notifying us that it was in Zone A, single family, which I knew it was * * *"; that he had known of the restriction to single family occupancy for about 1½ years prior to the sale to plaintiff but that he believed the city to be in error as to this.

Some evidence regarding the physical appearance of the other buildings in the block in which this house was located is in order. Four or five doors away from the dwelling in question there was a large apartment building and the plaintiff also testified that there were three buildings across the street from the property here involved that appeared to her to be two family flats. The defendants rely upon certain portions of the testimony of one of the plaintiff's witnesses which, they contend, illustrates that plaintiff was guilty of contributory negligence as a matter of law and was put upon notice to investigate the actual zoning conditions further than merely relying upon Santa Cruz's representations upon observing that the dwelling here involved was the only apartment in the block. This evidence was as follows: One of plaintiff's witnesses was asked about the buildings in the block in which the dwelling here involved was located and answered that the majority of the buildings were single family dwellings. He was then asked if any of the buildings on the block were apartments and replied that he could not answer without looking again at the block as it had been some time since he had viewed this area. The answers upon which the defendants rely followed. The witness was asked, "Are all of the buildings on there homes?" He answered that they all were except for one at the corner. He was then asked if all the buildings on both sides of the street were "homes" and his answer was yes. The next question was whether or not it would appear to anyone walking down the street that those buildings were "homes" and his answer was that it would.

The plaintiff submitted her case under a modified version of MAI 23.05. The first paragraph of that instruction required the jury to find Santa Cruz was the agent for the other defendants and was acting as such and within the scope of this agency for the others when he dealt with the plaintiff with respect to this property. The second paragraph of that instruction reads: "Second, defendant Carlos Santa Cruz represented to plaintiff that the real estate consisted of three separate apartment units which could be separately rented for income to the purchaser of the real estate, intending that plaintiff rely upon such representation in purchasing the real estate, * * *." The third paragraph requires the jury to find the representation was false.

The plaintiff did not offer a measure of damage instruction taken from MAI but submitted her own instruction on that issue. It informed the jury that in the event they found for plaintiff they were to award her " * * * such actual damages as she sustained, and the measure of such actual damages is the difference between the price paid by plaintiff, and the fair market value of said real estate." The evidence going to the issue of damages was that the plaintiff paid $18,000.00 for this property in December 1962. The defendants had paid $18,500.00 for it when they purchased it in February 1961, and had originally advertised the property for sale at that figure. Plaintiff's evidence was that the fair market value of the property as of the date of sale was $12,500.00.

The defendants also complain that the trial court improperly gave Instruction No. 9 which contains three possible verdict forms. This instruction was referred to by the trial court as MAI 32.11, and none of the verdict forms contain spaces allowing the jury to find in favor of any one or more of the defendants as provided in MAI 32.05 (modified).

In addition to contending plaintiff failed to make a submissible case defendants also raise other allegations of prejudicial error

which must be ruled in order to arrive at a proper disposition of this appeal. These are: the trial court prejudicially erred in the giving of plaintiff's verdict-directing instruction; in the giving of Instruction No. 5, the measure of damage instruction; and in the giving of Instruction No. 9 containing the various verdict forms. The decision reached herein upon those contentions renders unnecessary any ruling upon defendants' other allegations of prejudicial error and for that reason the factual matters bearing upon them have not been included in this opinion.

■ There are two facets to defendants' first contention. First, they contend that, as a matter of law, fraud cannot be predicated upon a representation as to a zoning law. That is the general rule as this court recognized in Emily v. Bayne, Mo.App., 371 S.W.2d 663, 1. c. [6–8], p. 668. However, as we stated in that case at the citation above given, the rule is subject to two exceptions, one of which is applicable in the instant case. It is that an action for fraud and deceit will lie even as to a representation as to a matter of domestic law such as here involved where one party possesses or professes to possess a superior knowledge of the law and takes advantage of the other party's ignorance of the law to mislead him. See Gamel v. Lewis, Mo.App., 373 S.W.2d 184. Santa Cruz had knowledge that the use of this dwelling as a three family residence was in violation of the applicable provisions of the city's zoning ordinance. From the continued notices sent to him he had knowledge that the defendants were being requested by the city to discontinue the use of this dwelling as a three family residence. In spite of this knowledge Santa Cruz not only failed to inform the plaintiff of the city's notices to him but in fact told her that she could continue to rent the dwelling as three apartment units. Under the factual situation here involved the plaintiff can maintain her action for fraud and deceit even though the representation made was as to a matter of use of

this dwelling under the zoning ordinance. Gamel v. Lewis, supra.

■ The second argument advanced by defendants to support their contention plaintiff failed to make a submissible case is that plaintiff was guilty of contributory negligence as a matter of law. This argument is based upon the testimony of one of the witnesses that the fact the other houses on the block on both sides of the street were homes and not apartments would be apparent to anyone who walked down the street. Taken in context and read in conjunction with this same witness's answers to the questions immediately preceding the answer upon which defendants rely, it is apparent that when giving the testimony upon which the defendants rely the witness was speaking of the outward appearance of these buildings and was not attempting to testify that, despite the fact that they outwardly had the appearance of single family dwellings, these were not homes which had been converted into apartments even as the one she was purchasing. Such an interpretation of the evidence is in fact buttressed by this same witness's earlier statement that the majority of the buildings were single family dwellings. From this statement the jury could well infer there were other converted homes on this block. In any event, this is not plaintiff's best evidence on this issue. Her own testimony was that there were other buildings on the block that looked like apartments to her. It is undisputed that there was an apartment building on the corner of the block this dwelling was located in.

■ Plaintiff's participation in the purchase of two previous single family residences cannot be held, as a matter of law, sufficient to qualify her as an expert on zoning matters nor give her reason to make further inquiries after receiving Santa Cruz's assurances as to the continuance of three family rental. Neither her present husband nor her ex-husband were shown to be experienced in real estate transactions or otherwise qualified so that they could

reasonably have been put on inquiry as to the true facts regarding Santa Cruz's representation. Plaintiff's real estate agent was used by her only for purposes of closing the transaction and his employment was procured by the defendants. We are required to view the evidence in the light most favorable to the plaintiff. Doing so we cannot say that reasonable minds could not differ as to whether the factual situation here involved was sufficient to put the plaintiff on her guard and cause her to make inquiries as to the truth or falsity of Santa Cruz's representation. Absent such a holding we cannot hold the plaintiff guilty of contributory negligence as a matter of law. We find no error in the denial of defendants' motions for directed verdict.

■■ With reference to the plaintiff's verdict-directing instruction the defendants argue that had the second paragraph of that instruction contained, following the word "income," the words "according to the zoning laws of the City of St. Louis," it would have been proper. Absent that phrase they contend the instruction permits " * * * the jury to find against appellants when, under all of the evidence, the said Paragraph Second as it now reads, is not a false or incorrect statement. * * * Thus, the crux of a fraud suit, to wit, the falsity of the statements was wholly lacking in said Instruction Number Three." Defendants' position on this issue is without merit. First, because it is clear that under MAI 23.05, as modified, there is no requirement nor need to include the basis upon which the representation was rendered false. It is sufficient that the jury be required to find the representation false and unnecessary that they also be required to find why it was false. Secondly, defendants' argument would have the jury, and this court, disregard the uncontradicted evidence that regardless of what the defendants were illegally doing as to the rental of this dwelling, they had notice they could not legally do so. Inherent in the representation that this dwelling consisted of three separate apartment units which could be separately rented for income was the element that a purchaser could legally do so. This is particularly true where, as here, the defendants possessed the superior knowledge that the dwelling could not legally be so rented. We find no error in the giving of plaintiff's verdict-directing instruction.

The defendants' attack upon Instruction No. 5, the measure of damage instruction, is twofold. They first contend that the instruction amounts to a positive misdirection of the jury and is therefore reversibly erroneous. Secondly, they contend that since this case was tried after January 1, 1965, it was error to give any instruction other than MAI 4.01. We do not reach the second contention for it is clear that Instruction No. 5 misdirects the jury and states an improper measure of actual damages.

■ With commendable candor the plaintiff states in her brief: "Admittedly, according to Missouri law, the proper measure of damages in this case is the difference between the actual value of the property in question and its value, if the property had been as represented." This indeed is the law. Miller v. Wilson, Mo.App., 381 S.W. 2d 31, 1. c. [9], p. 38 and cases there cited. Plaintiff argues that "[t]he calculations under either measure of damages would result in identical verdicts" and therefore the error was not prejudicial. This argument is based upon plaintiff's contention that there were three items of evidence from which the jury could have found that $18,000.00 was the value of the property had it been as represented. These are stated to be the price paid for this property by the defendants in February 1961, the advertised price (both figures being $18,500.00) and the price the plaintiff paid. Since, plaintiff goes on, the actual fair market value was testified to be $12,500.00 that value remains constant with the result that the verdict for $5,500.00 actual damages would have occurred under either the measure of damages submitted or that which should have

been submitted. We cannot agree. There is no evidence which would relate the price defendants paid, the advertised price, or the price plaintiff paid to the value of the property had it been as it was represented to be. We do not believe that the mere existence of these items, standing alone as they do in this record, would authorize the jury to draw any relation between them and the vital and missing evidence; i. e., the value of this property had it been as represented. That being so, the positive misdirection of the jury contained in the measure of damage instruction constitutes reversible error.

There is one further matter that, since it is most likely to arise again upon retrial, should be disposed of. The defendants attack the giving of Instruction No. 9, MAI 32.11, on the ground that the verdict forms therein provided prevented the jury from rendering a verdict for the plaintiff and against any number less than all of the defendants. It is urged that MAI 32.05, modified to provide for four parties, should have been given. However, it should be noted there is no contention here raised that there is any error due to the fact that regardless of their joint liability for actual damages punitive damages might not be awarded against one or more defendants.

 Under the particular factual situation here presented we find no error in the giving of Instruction No. 9. It will be recalled that the first paragraph of plaintiff's verdict-directing instruction required the jury to find as true the plaintiff's theory that Santa Cruz was acting as the agent of the other defendants in conducting the negotiations with the plaintiff regarding the sale of this building. Read together the first and second paragraphs of Instruction No. 3 required the jury to find that Santa Cruz was acting as agent for the other defendants at the time the misrepresentation was made. In view of the plaintiff's theory as to Santa Cruz's agency and the uncontradicted evidence to support it, the giving of this instruction precluding the

jury from finding against less than all of the defendants was not error.

 It follows from the rulings above that this judgment should be reversed and the cause remanded to the trial court for a new trial. Since the error which necessitates this action goes only to the element of damage, it would seem that the retrial should be limited to that issue. However, the plaintiff prayed for and obtained a judgment for punitive as well as actual damages. When confronted with a similar situation in Ackmann v. Keeney-Toelle Real Estate Company et al., 401 S.W.2d 483, opinion of April 12, 1966, the Supreme Court of this state held that the retrial should be upon all issues and we will so order.

PER CURIAM.

The foregoing opinion by BRADY, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded to the trial court for a new trial.

WOLFE, P. J., ANDERSON and RUDDY, JJ., concur.