**Jeff BASH, d/b/a, J & K Bash Excavating, Respondent,**

v.

**B.C. CONSTRUCTION CO., INC., Appellant.**

**No. WD 41464.**

Missouri Court of Appeals, Western District.

Dec. 5, 1989.

Joel B. Laner and Charles M. Thomas, Swartzman, Thomas, Hazelton, Laner & Batson, Kansas City, for appellant.

James C. Jarrett, Kansas City, for respondent.

Before MANFORD, P.J., and SHANGLER and CLARK, JJ.

CLARK, Judge.

Respondent sued appellant on an account for site grading done in preparation for erection of a building and other improvements. The petition asserted that the reasonable value of respondent's services was $9,538.00, of which amount $4,181.94 had been paid. Recovery of the balance amounting to $5,356.06 was sought. The trial court awarded judgment as prayed and defendant has appealed. Reversed.

Appellant and respondent entered into a written contract for excavation work based on respondent's bid of $6,638.00 for the job. According to respondent's evidence, he performed all of the work except "backfilling" in certain areas where curbs had not been completed. A dispute arose between respondent and appellant's foreman as to whether this work could be finished before all of the curbs were in and, in consequence, respondent left the job unfinished.

The parties also were in dispute as to whether respondent was entitled to payment above the contract price for extra work in removing dirt from the site. It was respondent's testimony that he originally bid the job on the assumption that excavation and fill would balance resulting in no need to remove any dirt from the improvement area. Later, however, because of a change ordered in elevation, a quantity of dirt had to be removed for which respondent supplied a truck and loader. Appellant disputed the estimate by respondent that the original bid contemplated no removal of dirt and he also denied that any elevation change had been ordered.

The judgment awarded to respondent the sum of $2,456.06, amounting to the difference between the contract price and the sum actually paid by appellant, and the additional amount of $2,900.00 calculated to be extra compensation for regrading a sidewalk and for removal of dirt which plaintiff contended were not included in the original contract work.

Appellant first argues that the grant of judgment to plaintiff of $2,456.06 was erroneous because the basis for calculation of the award was to order payment of the contract price without any evidence of damages sustained on account of breach of the contract. Alternatively, if the sum was responsive to plaintiff's claim in quantum meruit, it cannot stand under appellant's contentions because no proof was offered as to the value of services performed under the contract.

Plaintiff's claims and the judgment by the trial court suffer a common deficiency in that proof was not presented to support the cause of action pleaded for the value of services furnished. In both segments of plaintiff's claim, it was not contended that appellant owed payment of the contract price because the agreed facts were that plaintiff did not complete the work called for by the contract and, as to the second segment, that the work in removing the dirt was outside the contract and not measurable by reference to the contract price. Despite this, however, the only specific evidence of value of the services rendered by the plaintiff was the contract.

█ Quantum meruit recovery is limited to the reasonable value of services performed, plaintiff has the burden of proving this reasonable value and expert testimony is required to assist the finder of fact in determining reasonableness. *Baron v. Lerman*, 719 S.W.2d 72, 77 (Mo.App.1986). Where there is a contract setting the amount payable for the services, a recovery may be had in quantum meruit, but not to exceed the contract price. *C.H. Robinson Co. v. Frissell*, 132 S.W.2d 1049, 1052 (Mo. App.1939). Where the plaintiff does not repudiate the contract but sues in quantum meruit and offers the contract as prima facie evidence of the value of the services, he may rely on that proof to show reasonable value. *Julian v. Kiefer*, 382 S.W.2d 723, 727–28 (Mo.App.1964).

█ If it be assumed in the present case that the breach of the contract was attributable to appellant and that it therefore

may claim no damages offsetting plaintiff's claim, the action for payment of services rendered under the contract, by way of quantum meruit, fails for want of proof of value. It is true, as the above authorities say, that the contract price is evidence of reasonable value, but that principle is inapplicable here. If the contract has been fully performed, then the contract price suffices to prove reasonable value because the services rendered and the work specified in the contract are the same. Where, as here, the contract has not been fully performed, then quite apparently the agreed price for full performance is not a reasonable value for partial performance. This is unlike the case of *Curators of the Univ. of Mo. ex rel. Shell–Con, Inc. v. Nebraska Prestressed Concrete Co.*, 526 S.W.2d 903 (Mo.App.1975), where segments of the contract price were assigned to each individual aspect of the job. A unit price contract is adaptable to prove the value of partial performance under a suit in quantum meruit, but where the contract specifies only a total price, the plaintiff may not rely on the contract to prove reasonable value if he has not fully performed.

In the present case, plaintiff's proof for recovery on the first portion of his claim was fatally deficient in that he did not offer any evidence to show the value of his partial performance in relation to the total contract price. It was, of course, plaintiff's option to repudiate the contract and base his case on the value of his services irrespective of the contract price, assuming the breach of the contract by appellant. As the evidence was presented, however, plaintiff relied entirely on the contract with no other evidence of reasonable value. On this proof, plaintiff could not have recovered the full contract price for partial performance. The trial court erred when it entered judgment to this effect.

The remaining portion of the judgment was responsive to plaintiff's claim that he supplied a loader and a truck to haul some one hundred twenty-five loads of dirt from the construction site. The evidence was in dispute as to whether the original contract included a sum for removal of dirt, but the trial court's decision indicates that issue was resolved in favor of plaintiff. The quantum meruit claim was therefore justiciable based on proof of the dirt removed and the reasonable value of that service. Again, the burden was on the plaintiff to produce evidence showing the reasonable value of that service. *Jerry Ward Constr. Co. v. Executive Hills Home Builders, Inc.*, 777 S.W.2d 629, 630 (Mo.App.1989).

The only evidence plaintiff offered to support his claim of $2,900.00 as the reasonable value of the extra work was his testimony quoted as follows:

> I took the time that it was taken to load this material and stock pile it and figured at how much material it was and just derived that into that figure as a reasonable amount as I saw it * * * Oh, about twenty bucks a load.

This evidence lacked any details as to how many hours of labor were performed, what equipment was supplied and for what periods of time, what the hourly rates were for labor and for machine use, whether the sum included overhead charges and profit and if so, how much and whether in the locality there was an accepted charge for similar type services. Most importantly, there was no evidence at all as to whether $2,900.00 represented the reasonable value of the services. Plaintiff said only that he saw the amount as reasonable which is a different matter.

In *St. Charles Floor Co. v. Hoelzer*, 565 S.W.2d 844, 846–47 (Mo.App.1978), the court describes the proof necessary to show reasonable value and observes that the court may not take judicial notice of the reasonable value of construction work. In that case, proof substantially greater than was offered here was rejected as supporting a recovery in quantum meruit, there being no proof of reasonable value.

■ Plaintiff failed to present substantial evidence or, indeed, any evidence in this case as to the reasonable value of the extra work he performed and therefore the court erred in allowing judgment against appellant for $2,900.00 on the second component of plaintiff's claim.

**700**

Despite the failure of plaintiff to make a case on the petition claims presented, it does appear that appellant recognized a balance due under the contract and sent plaintiff a check for $1,079.64 long prior to commencement of suit. Plaintiff had, as of the date of trial, not presented the check for payment. Disposition of the case should enable plaintiff to recover payment in this last mentioned amount, which appellant concedes it owes. Accordingly, the cause should be remanded for the purpose of allowing plaintiff to return the check and receive a judgment or current payment from appellant in the amount of $1,079.64. As the prevailing party on the issues presented by the plaintiff's petition, however, all costs in the trial court should be taxed in favor of appellant.

The judgment is reversed and the cause is remanded for disposition in accordance with this opinion.

All concur.