**Thomas HOOPS, Plaintiff/Appellant,**

v.

**GATEWAY FOOD PRODUCTS,**
**Defendant/Respondent.**

No. 59600.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 1, 1991.

Laurence D. Mass, Clayton, for plaintiff/appellant.

Sanford Goffstein, St. Louis, for defendant/respondent.

REINHARD, Presiding Judge.

Plaintiff sought to recover for accounting services rendered to defendant. After being tried to the court, judgment was entered in favor of defendant. Plaintiff appeals. We affirm.

Plaintiff is a certified public accountant licensed to practice in Missouri and Illinois. On June 1, 1989, the plaintiff and Carey Kann formed a professional corporation to conduct an accounting business. Prior to this time, Kann had provided routine accounting services to the defendant for a retainer fee of $300.00 per month. Shortly after the corporation was formed, plaintiff and Carroll and Wyona Crosley, officers of the defendant corporation, discussed having plaintiff perform the same accounting services as Kann had provided.[1] The fee would be $300.00 per month. Plaintiff testified that soon after this discussion he discovered errors in defendant's computer system which seriously impaired defendant's accounting system. He testified that in early June, 1989, he informed defendant of the problems, offered to correct the problems for an additional hourly fee, and that defendant agreed to proceed on those terms. No specific fee was discussed at this time. Plaintiff stated that on October 2, 1989, he informed the Crosleys of the dissolution of his professional corporation and the Crosleys chose to retain plaintiff for accounting services. He testified that he told the Crosleys that he would quote a fixed fee to them, but was not prepared to do so at that time. Plaintiff testified that on October 18, 1989, he quoted a price of $8500.00 for the additional work. Wyona Crosley testified that she did not recall plaintiff saying that he intended to be paid in excess of the retainer fee for this work. Carroll Crosley testified that defendant had an oral contract with plaintiff to pay $300.00 per month for accounting services and that no other agreement was made with the plaintiff. Kann testified that the services rendered by plaintiff were those encompassed by the contract.

Plaintiff brought an action for breach of contract, fraud and in quantum meruit (counts I, II and III, respectively). The court sustained a motion for a directed judgment at the close of plaintiff's evi-

---

1. Plaintiff's professional corporation was short-lived. During its existence, the defendant was a client of the corporation. After its dissolution, the defendant was a client of the plaintiff. Pursuant to the dissolution the plaintiff was assigned the right to collect any accounts receivable owed to the corporation by the defendant.

dence as to the fraud count and the plaintiff does not pursue this on appeal. The court also sustained defendant's motion for directed judgment at the close of all the evidence as to count I, because the plaintiff failed to prove the existence of a contract above and beyond the retainer fee, and as to count III, because the plaintiff failed to allege or prove the reasonable value of the services rendered.

The issue is whether plaintiff made a submissible case on counts I and III such that the motion for directed judgment should not have been granted. "In determining the submissibility of a case we must consider the evidence in the light most favorable to plaintiff and must accord him the benefit of all supporting inferences fairly and reasonably deducible from the evidence." *Koehler v. Warren Skinner, Inc.*, 804 S.W.2d 780, 782 (Mo.App.1990).[2]

■ The trial court did not err in sustaining the motion for directed judgment on the issue of the existence of an express contract. "The essential elements of a contract are competent parties, proper subject matter, legal consideration, mutuality of agreement and mutuality of obligation." *Schlictig v. Reichel*, 770 S.W.2d 493, 494 (Mo.App.1989). Here there was no mutuality of agreement. "The formation of a contract requires a meeting of the parties' minds regarding the same thing at the same time." *Cervantes v. Ryan*, 799 S.W.2d 111, 116 (Mo.App.1990). Plaintiff testified that no fees were agreed upon at the meetings of early June, 1989 and October 2, 1989. On October 18, 1989, plaintiff first specified a fee of $8500. However, even though his own counsel explicitly asked whether the issue of fees had been reconciled, plaintiff never testified that defendant agreed to this fee. Thus, without proof of mutuality of agreement, plaintiff's evidence was insufficient to prove the existence of an express contract. Point denied.

■ In his second point, plaintiff claims the trial court erred in finding that he had failed to prove the reasonable value of his services. To sustain a quantum meruit claim, the plaintiff has the burden of proving the reasonable value of services performed, and expert testimony is required to assist the finder of fact in determining reasonableness. *Baron v. Lerman*, 719 S.W.2d 72, 79 (Mo.App.1986). Failure to prove reasonable value is fatal to a quantum meruit claim. *McCardie & Akers Construction Co., Inc. v. Bonney*, 647 S.W.2d 193, 194 (Mo.App.1983). Plaintiff, in his brief, states, "He [plaintiff] stated the number of hours worked beyond those covered by the retainer.' [He] also stated that his regular rate was $100.00 per hour. With these two facts, [he] established a fair and reasonable value for serves [sic] he rendered beyond those required by the monthly fee."

■ Plaintiff relies on *Baron v. Lerman*, 719 S.W.2d 72 (Mo.App.1986), for support under this point. That case involved a suit by accountants to recover fees on a quantum meruit theory. The jury found for the accountants, and the defendants alleged on appeal that plaintiffs failed to prove the reasonable value of their services. Plaintiffs billed at $60 per hour for professional accounting services, $30 per hour for non-professional services and $18 per hour for clerical and secretarial services. Plaintiff Sheldon Baron was a CPA with considerable experience. He testified to what services were performed *and what he thought they were worth*. We held that plaintiff had established himself as an expert and could testify "to establish reasonableness of his fee, given his first hand knowledge of the case as well as his professional opinion." *Baron*, 719 S.W.2d at 77. Further, the evidence as to services performed, what was charged and what they were worth was sufficient to fulfill plaintiff's burden on the reasonableness issue. Here plaintiff established the fact that he was an expert. He testified as to his regular rate, but did not state that rate was reasonable or any other terms that would fulfill that requirement. This fail-

---

**2.** The defendant cited the standard of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), to support its argument. This standard is improper because the trial court did not reach the merits.

ure is fatal to plaintiff's quantum meruit claim.

Judgment affirmed.

GARY M. GAERTNER and CRANE, JJ., concur.