Jewel L. REID, et al., Plaintiffs–
Respondents,

v.

Vernon S. REID, Jr., et al.,
Defendants–Appellants,

and

Dubail Judge, P.C., Intervenor–
Respondent.

No. 67239.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 11, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 23, 1995.

Application to Transfer Denied
Oct. 24, 1995.

Alif A. Williams, St. Louis, for appellant.

Nancy E. Emmel, Dubail Judge, P.C., St. Louis, for respondent.

KAROHL, Judge.

Vernon Reid, Jr. (Reid, Jr.) appeals a judgment placing an attorneys' lien on his share of the estate of Churchill R. Carter. Under Carter's will he would have been the sole devisee. He will receive one-half of the estate, adjusted to pay attorneys' fees in accord with a will contest settlement agreement. The trial court awarded the law firm of Dubail Judge, P.C. a lien of 33⅓ on Reid, Jr.'s share for legal services rendered before Reid, Jr. discharged the firm.

On August 4, 1990, Reid, Jr. contacted Dubail Judge, P.C. to obtain an attorney to draft a will for his aunt, Churchill R. Carter. She was terminally ill. Mr. Robert Kilker, an attorney at Dubail Judge, visited Carter at her home that day. Carter expressed her wish to leave her entire estate to Reid, Jr., whom she had raised from the age of two to twenty-one. On August 6, 1990, Kilker returned to Carter's home to preside at the execution of the will. On August 12, 1990, Carter died. On August 18, 1990, Reid, Jr. notified Kilker of his aunt's death. He then retained Dubail Judge to represent him in his capacity as personal representative of Carter's estate. From August to October 1990, Dubail Judge performed legal services for Carter's estate. This appeal does not involve attorneys' fees for work on the estate's affairs.

On November 12, 1990, Michael Gunn, an attorney who represented some of Carter's siblings, telephoned Kilker and told him he intended to file a will contest on the siblings' behalf. The next day Reid, Jr. met with Kilker and William Sitzer, another attorney at Dubail Judge, to discuss the potential will contest.

On November 14, 1990, Carter's will was admitted to probate. On November 16, 1990, Jewel L. Reid, Shirley W. Reid, Gregory Reid, Epstein Reid, Leroy Reid, Jr. and Robert Reid filed a petition against Vernon S. Reid, Sr., Vernon S. Reid, Jr., Alice Leffridge and Charles Reid, Jr. to contest the

will. On November 19, 1990, the will contestants also filed a motion to remove Vernon Reid, Jr. as personal representative.

On November 29, 1990, Reid, Jr. and Sitzer discussed a fee for Dubail Judge's defense of the will on Reid, Jr.'s behalf. Reid, Jr. agreed to a contingency fee arrangement, but did not sign an agreement at that time. Reid, Jr. opposed any settlement or compromise of his inheritance and did not authorize any settlement negotiations. On December 11, 1990, Kilker and Sitzer met with Gunn. The trial court found Gunn proposed a 50–50 settlement between Reid, Jr. and the will contestants. The next day Gunn returned to Dubail Judge with a written settlement proposal. The Gunn draft did not account for non-settling heirs. Thus, on December 12, 1990, Kilker spent six hours reworking the numbers. Pursuant to Kilker's calculations, Reid, Jr. would receive by settlement 43.42% of Carter's net estate, one-half of the estate less an attorneys' fee.

On December 14, 1990, Reid, Jr. and Dubail Judge entered a 33⅓ contingency fee agreement for defending the will. This was after Reid, Jr. informed Kilker he opposed a settlement and after Kilker, Sitzer and Gunn were discussing settlement. On December 20, 1990, Kilker told Reid, Jr. he could not support the will. Kilker, for the firm, rendered the professional services to prepare the will and attend to its execution. However, as a witness to the will contest facts, he informed Reid, Jr. he would not be a good witness to support validity. Sitzer recommended settlement. On December 30, 1990, Reid, Jr. discharged Dubail Judge. Reid, Jr. then retained the law firm of Husch & Eppenberger. On January 31, 1991, he signed a settlement agreement under which he will receive 45.59% of Carter's estate.

On August 21, 1991, Dubail Judge filed a motion to intervene in the will contest. The firm was allowed to intervene to preserve its statutory attorneys' lien. It thereby assumed the position of a defendant with a "cross-claim" against Reid, Jr. Reid, Jr. does not now contest the law firm's intervention into the will contest suit if there is no available statutory lien for legal services in defense of a will contest.

On November 20, 1991, Dubail Judge filed an "amended motion for judgment for attorneys' fees and advancements and for attorneys' lien" on Reid, Jr.'s share of Carter's estate. On May 21, 1993, the trial court entered a judgment in favor of Dubail Judge and placed a lien of 33⅓ on any amounts subsequently determined as due Reid, Jr. under the settlement agreement. This court dismissed Reid, Jr.'s first appeal of this judgment for lack of subject matter jurisdiction. *Reid v. Reid*, 879 S.W.2d 796 (Mo.App.1994). On November 9, 1994, the trial court entered a judgment approving the will contest settlement.

■ Reid, Jr. challenges the trial court's judgment on various grounds that contest the availability of an attorneys' lien pursuant to § 484.130 RSMo 1986. Without addressing each separate argument, we hold § 484.130 RSMo 1986 does not apply to legal services rendered solely to defend a will. Section 484.130 RSMo 1986 provides:

> The compensation of an attorney or counselor for his services is governed by agreement, express or implied, which is not restrained by law. From the *commencement of an action or the service of an answer containing a counterclaim*, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor, and the proceeds thereof in whosesoever hands they may come; and cannot be affected by any settlement between the parties before or after judgment. (our emphasis)

Reid, Jr. hired Dubail Judge solely to defend Carter's will. He did not file a claim or a counterclaim against the will contestants. He asserted no cause of action against plaintiffs. When a client is sued, and retains counsel solely to defend, the client is asserting no cause of action. *Kansas City Area Transportation Authority v. 4550 Main Associates, et al.*, 893 S.W.2d 861 (Mo.App.W.D. 1995). It is only if a counterclaim is filed on behalf of the client that he is claiming to have a cause of action against the plaintiff. *Id.* Thus, if there is no counterclaim, and the

lawyer merely defends against the plaintiff's claim, the client has no cause of action upon which an attorneys' lien can attach. *Id.* Reid, Jr.'s points regarding the availability of an attorneys' lien pursuant to § 484.130 RSMo 1986 are sustained.

Reid, Jr. also contends Dubail Judge's evidence of legal services rendered was insufficient to support a judgment in quantum meruit for 33⅓ of his 45.59% of Carter's estate.

■ Quantum meruit is based upon an implied promise that a person will pay *reasonable* and just compensation for *valuable* services provided at that person's request or with his approval. *Southwestern Bell Telephone Company v. United Video Cablevision of St. Louis, Inc.,* 737 S.W.2d 474, 475 (Mo. App.1987). (Our emphasis). To sustain a quantum meruit claim, the plaintiff has the burden of proving the reasonable value of services performed. *Hoops v. Gateway Food Products,* 824 S.W.2d 451, 453 (Mo.App. 1991). Failure to prove reasonable value is fatal to a quantum meruit claim. *Id.* The factors to be considered in determining reasonable value of attorneys' fees in Missouri are time, nature, character and amount of services rendered, nature and importance of the litigation, degree of responsibility imposed on or incurred by the attorney, the amount of money or property involved, the degree of professional ability, skill and experience called for and used, and the result achieved. *Cervantes v. Ryan,* 799 S.W.2d 111, 115 (Mo.App.1990).

■ Dubail Judge provided records indicating it spent 59.30 hours on the will contest case involving a will it prepared and had executed. By its time and hourly charge evidence it earned a total fee of $9,031.50 for 59.30 hours of services. The attorneys and the hours they worked on the case were as follows:

| | |
|---|---|
| Robert Kilker | 26.30 |
| William Sitzer | 24.30 |
| W. Donald Dubail | .20 |
| Karen Berger | 8.10 |
| Paula Peters | .40 |

Dubail Judge's time records suggest 32.90 hours for November 12, 1990—December 13, 1990; 19.60 hours for December 14, 1990—December 30, 1990; and 6.8 hours after December 31, 1990. Without dispute, Dubail Judge cannot recover in quantum meruit for services rendered after Reid, Jr. discharged the firm. The trial court found a fee of 33⅓ of Reid Jr.'s share of Carter's estate was "reasonable"; it did not find the services were valuable. Value is disputed where the settlement the attorney urged Reid to accept was nothing more than a split of the estate with 50% for contestants and some unrepresented heirs; 50% for Reid, Jr. The percentage was to be adjusted so the parties and the unrepresented heirs would pay their share of attorneys' fees.

■ Moreover, Carter's net estate has not yet been determined. It could range from $1,522,330 to $4,000,000. Reid, Jr.'s share of the estate cannot be determined until the value of probate assets is liquidated. The value of the legal services for a quantum meruit claim cannot be measured against an unliquidated recovery. Pursuant to the judgment, Dubail Judge would receive a minimum of approximately $230,000, and could receive up to $600,000, for 52.50 hours of work rendered before discharge. On these facts a percentage is not a reasonable basis for fees, especially because a high degree of professional ability, skill and experience was not required or used in this case. The services were of no extraordinary benefit to Reid, Jr. and his new attorneys. The trial court found the plaintiffs' attorney proposed the 50–50 settlement. Reid, Jr.'s new attorneys merely adjusted the proposal for attorneys' fees of all the parties. The mathematical calculation was simple and required no unusual legal skills. The settlement Reid, Jr. accepted after obtaining new counsel did not require him or them to use the Kilker calculations. Accordingly, we remand to the trial court to determine the reasonable value in quantum meruit of Dubail Judge's legal services, if any.

Reversed and remanded.

GRIMM, C.J., concurs in result only.

AHRENS, P.J., concurs.