**KAMIL, DECKER & COMPANY, P.C., Plaintiff/Appellant,**

v.

**SMC PROPERTIES, INC., Defendant/Respondent.**

**No. 74815.**

Missouri Court of Appeals, Eastern District, Division Three.

July 27, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 1, 1999.

**1.** All statutory references are to RSMo 1994.

J. Richard McEachern, St. Louis, for appellant.

Howard A. Wittner, Gregory N. Wittner, Wittner, Poger, Spewak & Maylack, P.C., Clayton, for respondent.

Before PAUL J. SIMON, P.J., KATHIANNE KNAUP CRANE, J. and LAWRENCE E. MOONEY, J.

*MEMORANDUM DECISION*

PER CURIAM.

Plaintiff, Kamil, Decker & Company, P.C., an accounting and computer consult-

ing firm, filed an action in the Circuit Court of St. Louis County to recover $3,827.50 on the theories of breach of oral contract and unjust enrichment from defendant, SMC Properties, Inc., a maintenance and snow removal company, for its services in providing defendant with a software system for billing and accounting and other software support services. The case was tried to the court. At the close of plaintiff's evidence, plaintiff elected to submit its breach of contract claim on the theory of quantum meruit. Defendant then moved for judgment on the pleadings and the evidence on the grounds that plaintiff failed to prove the reasonable value of its services. The trial court took the motion under advisement and heard defendant's evidence. After hearing all of the evidence, the court granted defendant's motion for directed verdict on Count I on the ground that plaintiff did not meet its burden of proof to establish the reasonable value of its services to support its quantum meruit claim. It also entered judgment for defendant on the unjust enrichment count. For its sole point on appeal, plaintiff asserts that the trial court erred in finding that plaintiff had failed to show the reasonable value of its services.

■ Before addressing this point we must consider the standard of review. In this court-tried case, defendant made a motion for judgment at the close of plaintiff's case. The court, however, sustained it as a motion for directed verdict. In a court-tried case there is no verdict. *St. Luke's Episcopal–Presbyterian Hosp. v. Underwood*, 957 S.W.2d 496, 498 (Mo.App. 1997). The motion is a motion for judgment on the grounds that upon the facts and the law plaintiff is not entitled to relief. Rule 73.01(a)(2). No matter how denominated, we treat such a motion as submitting the issues on the merits. *St. Luke's*, 957 S.W.2d at 498. We therefore review under the principles enunciated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ We find that the judgment is supported by substantial evidence and is not against the weight of the evidence. *Murphy*, 536 S.W.2d at 32. No error of law appears. In this case plaintiff's witness, Joel Kamil, who was a CPA and 50 per cent shareholder in the plaintiff corporation, testified that the fees charged in the invoices were "what we determine to be reasonable and fair, and – and to a great extent market driven and competitive with – with other people doing – performing this same service." In response to plaintiff's attorney's question asking why the fees are market-driven, Kamil said:

> Frankly, there are other people and there is a lot of competition out there doing this type of work, some of which don't have the experience and they're charging a lot lower fees. And you just kind of have to play with it. These fees are less than what we charge for – for work that we do as CPA's, such as financial statements, tax returns, and so forth, because of the competitive factors in the computer market.

Plaintiff offered three invoices into evidence, one for $2,000, which was the unpaid balance on plaintiff's original proposal, but did not show what work, hours, or fees were covered by the $2,000, and two which showed hours spent and hourly fees for the remaining charges. Plaintiff did not offer any other evidence to show the reasonable value of the work. Kamil did not testify to or explain the exhibits. Further, Kamil did not relate the actual work done to the charges therefor or testify to the reasonableness of those charges for that work.

To sustain a quantum meruit claim, a plaintiff has the burden of proving the reasonable value of services performed. *Hoops v. Gateway Food Products*, 824 S.W.2d 451, 453 (Mo.App.1991). Expert testimony is required to assist the fact finder in determining reasonableness. *Id.* Failure to prove reasonable value of the work performed is fatal to a quantum meruit claim. *Mills Realty, Inc. v. Wolff*, 910

S.W.2d 320, 322 (Mo.App.1995). While plaintiff could have qualified Kamil and offered him as an expert on the value of computer software services, see *Hoops*, 824 S.W.2d at 453 and *Baron v. Lerman*, 719 S.W.2d 72, 77–78 (Mo.App.1986), he did not specifically do so. Even if Kamil had been so qualified, his testimony that the fees were what plaintiff determined to be reasonable "and to a great extent market driven" and that they "have to play with it" was insufficient. Although each case is different and different evidence can establish reasonable value in different cases, see *Richard B. Curnow, M.D., Inc. v. Sloan*, 625 S.W.2d 605, 607 (Mo. banc 1981), Kamil's testimony did not satisfy plaintiff's burden of proof in any respect. Kamil did not testify whether there was an accepted or prevailing charge for the type of services rendered, see *Bash v. B.C. Constr. Co.*, 780 S.W.2d 697, 699 (Mo.App. 1989), or whether the charges were plaintiff's standard charges which were accepted by clients in the geographic area in which he practiced. *See Curnow*, 625 S.W.2d at 607. He did not testify whether the charges included overhead or profit. *See Bash*, 780 S.W.2d at 699. His testimony did not establish that the fees were not arbitrarily set. *See Curnow*, 625 S.W.2d at 607. He did not testify about the actual work reflected on the invoices, that the work performed was accurately reflected on the invoices, that the amount charged for the work performed was reasonable, or that the work was performed in a workmanlike manner. *See Williams Carver Co. v. Poos Bros., Inc.*, 778 S.W.2d 684, 687 (Mo.App.1989). Kamil did not show that the sum billed was reasonable for the work performed or that the hourly fees and the number of hours were reasonable. *See Jerry Ward Constr. Co. v. Executive Hills Home Builders, Inc.*, 777 S.W.2d 629, 630 (Mo.App.1989); *Mills*, 910 S.W.2d at 323. Plaintiff did not, through exhibits or witnesses, give any information which would assist a fact finder in determining the reasonable value of the services performed. The trial court did not err in finding that evidence of reasonable value was insufficient.

The judgment of the trial court is affirmed pursuant to Rule 84.16(b).