CELIA ZARISKY, v. KANSAS CITY PUBLIC SERVICE COMPANY, A CORPORATION—186 S. W. (2d) 854.

Kansas City Court of Appeals.   March 5, 1945.

*Charles L. Carr* and *Hogsett, Trippe, Depping & Houts* for appellant.

*E. E. Thompson, Alfred H. Osborne, Thompson & Osborne* and *Chester B. Kaplan,* for respondent.

DEW, J.—This action was brought in the Circuit Court of Jackson County, Missouri, by. Celia Zarisky against the appellant for personal injuries received by her in a fall while riding as a passenger in one of appellant's street cars. Verdict was rendered for the respondent in the sum of $2300.00. Defendant appealed. Respondent and appellant will hereinafter be referred to respectively as plaintiff and defendant.

.There are no questions before us on this appeal relative to the pleadings and they will therefore be briefly described. The petition was in the usual form and alleged that while plaintiff was riding in one of defendant's street cars as a passenger, and while said cars was going south on Main Street in Kansas City, Missouri, at a point near 29th and Main Streets, defendant so carelessly and negligently drove operated and maintained said car as to cause it to "violently jerk and lurch and to suddenly stop with a violent and unusual jerk", throwing plaintiff against the seats and floors of the car with great force and causing her to sustain the injuries therein described, and that the same will be permanent.

The answer was a general denial.

The defendant admits in its brief that the street car in question was suddenly brought to a stop or near stop, and then started forward, and that plaintiff fell to the floor at the time. Defendant's testimony tended to show that the action of the operator of he street car complained of was made necessary to avoid a collision with an automobile which suddenly turned into the path of the street car, and that the sudden slackening of the speed of the street car was not unusual for an emergency stop or near stop. The appeal involves no dispute as to the facts in evidence, except the permanency of plaintiff's injuries.

Defendant's first assignment of error arises out of a question and answer which the trial court permitted plaintiff's counsel to read to the jury, over defendant's objection, as a part of the deposition of plaintiff's witness Dr. Cohen. This witness being about to enter the armed forces of the United States, his deposition was taken by the plaintiff. In the deposition the witness had testified that he had attended the plaintiff shortly after her fall in the street car, and from

time to time thereafter to the present; that by manipulation and with the aid of X-rays he had found plaintiff's coccyx bone had been distorted and that she had osteo-arthritis; that, in his opinion, her condition was caused by her fall in the street. Among other questions, he was asked:

"Q. Now, doctor, assuming the facts set forth in the two last preceding questions, I want to ask you whether or not the condition or conditions which you find Mrs. Zarisky to be suffering from, are, in your opinion, reasonably certain to remain permanent?

"A. Yes, I think they will remain permanent".

The question next preceding the one quoted, and other questions and answers in the direct examination, had related to the X-ray films and the witness's interpretation of the same. On cross-examination it was developed that the witness did not take the X-rays, had never seen them, and that his only knowledge and interpretation of them were based on a report concerning them furnished to him by Dr. Donaldson, who had taken the X-rays. Objection of defendant's counsel was noted to the answers of the witness based on the X-rays as incompetent, as hearsay and calling for the conclusion of the witness, and motion was made to strike out the answers of the witness relating to the X-rays.

In the course of the trial counsel for the parties met in the chambers with the trial judge to obtain rulings on the above objections. Upon indication by the court that the objections were well founded, plaintiff's counsel announced his purpose not to read to the jury the parts of the deposition so complained of, but finally insisted, however, on reading the question and answer above quoted. Both the court and defendant's counsel pointed out that the question was expressly based on preceding matter referred to and to be excluded. Over the repeated objections of the defendant's counsel, plaintiff's counsel was permitted by the court to read and did read to the jury the quoted question and answer, omitting the preceding question and others, together with the answers thereto, relating to the X-ray films.

Thus it is evident that the opinion of plaintiff's attending physician that plaintiff's condition would be permanent, was based, by his own statement, partly on X-ray films which he had never seen; that his only knowledge thereof was hearsay; that his interpretation of them was incompetent and had not been submitted to the jury; and that the question and, therefore, his opinion and answer were expressly predicated in part on facts not in evidence.

Plaintiff contends that even if incompetent, the quoted question and answer were cumulative and harmless; that Dr. Donaldson, who had taken the X-ray films, was present and interpreted them to the same effect, and expressed the opinion that the injuries shown would be permanent. Plaintiff points out, too, that defendant's expert witness, Dr. Francisco, also found, and from his own X-rays, that plaintiff's coccyx bone was tilted. Dr. Francisco, however, testified that in

his opinion the condition was merely congenital, and not the result of trauma. Thus the issue was directly contested.

Incompetent evidence on a material issue is preseumed to be prejudicial unless clearly shown otherwise. [State ex rel. Berberich v. Haid, 333 Mo. 1224, 64 S. W. (2d) 667.]

The permanency of plaintiff's condition was a seriously contested issue in the case. We are unable to determine the weight which the jury attributed to the opinion of the plaintiff's attending physician that plaintiff's condition was permanent. It was certainly presented to the jury for the purpose of their favorable consideration of it on that issue. The only evidence before them that the condition would be permanent consisted of the testimony of the attending physician who had treated and examined the patient, but had not seen the X-rays, and the testimony of the doctor who had taken the X-rays, but had not attended or treated the patient. The testimony of neither witness was so ample as to justify the assumption that the result would have been the same without the objectionable question and answer. The matter complained of cannot be disputed of as merely cumulative and harmless. It is certain that the permanency of a plaintiff's injuries cannot be proven by the opinion of an expert based partly on evidence not only excluded from the jury, but which, if admitted, would itself be incompetent as hearsay.

Plaintiff asserts that even if incompetent, the question and answer would affect only the amount of the verdict. Plaintiff contends that the defendant has waived the error by failing to have objected specifically to the excessiveness of the verdict. This additional step is not required under the circumstances as shown, as it cannot be determined whether or not the incompetent evidence in question affected the amount of the damages allowed, nor if so, could the court fix, with any reasonable certainty, an amount of *remittitur* that would cure the error.

This court in McEntee v. Kansas City Public Service Company, 159 S. W. (2d) 336, held the evidence in that case sufficient on the issue of the permanency of the plaintiff's injuries, and in connection therewith noted that the issue affected only the amount of the verdict, and pointed out that appellant had made no complaint on appeal of the excessiveness of the verdict, citing, among other cases, Higgins v. Terminal R. Ass'n., 231 Mo. App. 837, 97 S. W. (2d) 892. On *certiorari* the Supreme Court in State ex rel. v. Shain, 165 S. W. (2d) 428, held such additional claim that the verdict was excessive was not necessary, and, reviewing the Higgins case, *supra*, and others cited, said, loc. cit. 432:

"The ruling in the Higgins case seems not to be supported by any cases and we do not deem it to be a sound rule".

We believe that the admission of Dr. Cohen's opinion of the permanency of plaintiff's injuries and suffering, expressly based on

evidence excluded from the jury, and which evidence in itself was hearsay in character, was erroneous and prejudicial, and so rule.

Appellant's remaining assignment of error is "that the court erred in refusing to declare a mistrial, and to discharge the jury, for misconduct of plaintiff's counsel (after asking defendant's witness, Dr. Francisco, whether he did not testify in another case wherein one Schwanke was plaintiff, that Schwanke was not injured), in telling the jury in the case at bar that the jury in Schwanke's case found that Schwanke was injured. The examination and statement were outside the issues and the evidence, and higher improper and prejudicial. The error and prejudice were not cured by the action of the court in merely sustaining the objection to the examination".

In the cross-examination of Dr. Cohen in his deposition, defendant's counsel, over the objection of plaintiff, inquired at great length of the witness as to the number of person injury cases in which he had testified wherein one of the counsel for plaintiff in the case at bar was the attorney for plaintiffs.

At the trial and during the examination of defendant's expert witness, Dr. Francisco, plaintiff's counsel entered into a similar field of inquiry and the following took place:

"Q. You make frequent examinations for the Kansas City Public Service Company?

"A. Well, I haven't made any for a good while.

"Q. Well, when was the last one?

"A. Well, I don't know whether I have examined for them this year before or not.

"Q. May I refresh your recollection by calling your attention to the fact that you not only examined twice this year but you have testified twice this year Do you remember Clarence Schwanke, a tall boy that was injured out here on 27th Street, over in Division 5, before Judge Southern? Don't you remember that?

"A. I am not able to remember those cases definitely because I don't remember their names. What date was it?

"Q. 2-5-42. You testified and you examined him the day before and you did not fint anything wrong with Mr. Schwanke, did you?

"A. Really, I don't know. I don't remember him now.

"Mr. Depping: Well, I object to that. He may not have been injured.

"Mr. Thompson: Well, the jury found he was.

"Mr. Depping: Now, I move that counsel be reprimanded, improper examination, and trying Mr. Schwanke's case here.

"The Court: Objection sustained.

"Mr. Depping: And I ask that a mistrial be declared on account of the misconduct of counsel.

"The Court: Objection overruled".

Defendant contends the remark made by counsel "Well, the jury found he was", was improper and prejudicial; that the action of the court on defendant's motion for reprimand was not adequate, and that the court erred in not declaring a mistrial.

It was not improper for plaintiff's counsel, on the matter of credibility, to make general inquiries of Dr. Francisco as to the frequency with which he had appeared in personal injury cases as a witness for the defendant, especially after examination along similar lines had taken place on the part of the defendant when plaintiff's doctor was testifying. Whether or not it was proper for plaintiff's counsel to inquire as to a particular case, we are not deciding; but it will be noted that defendant's counsel did not object to the first question pertaining to the particular case of Clarence Schwanke. The witness inquired of the date and the date was furnished him. He was then asked if he had not found and testified that there was nothing wrong with Schwanke in his case. After the witness answered that he could not recall, counsel for defense then said: "Well, I object to that, he may not have been injured". This was not only an insufficient objection, but contained a further remark plainly touching upon the merits of the other case objected to, and was clearly a provocation of the ensuing statement by plaintiff's counsel: "Well, the jury found he was".

Defendant's counsel then moved that plaintiff's counsel be reprimanded and the court said: "Objection sustained". Defendant's counsel then asked that a mistrial be declared, which the court overruled. We think that the responsibility for the episode above described was materially contributed to, and very much provoked by, the defendant's counsel, and that the defendant is in no position to complain. We think further that the action of the court in connection with the request for reprimand was, under the circumstances, not inadequate or prejudicial, and that the refusal by the court, in its discretion, to discharge the jury and to declare a mistrial was not an abuse of discretion. We, therefore, hold that there is no merit in the defendant's second assignment of error.

Since we find no error except such as pertains or relates to the amount of damages, the judgment should be reversed and the cause remanded for a new trial, in accordance with the views herein expressed, on the issue of the amount of the damages only. Laws of Missouri, 1943, page 395, Section 140 (c); Borgstede v. G. H. Wetterau & Sons Grocery Co., 116 S. W. (2d) 179. It is so ordered. All concur.