Gerald HARRIS, Plaintiff-Appellant,

v.

Fleming WILLIAMS, Defendant-Respondent.

No. 30911.

St. Louis Court of Appeals.
Missouri.
Dec. 18, 1962.

William P. Byrne, Librach, Heller, Byrne & Weber, St. Louis, for appellant.

Wilbur C. Schwartz, William L. Mason, Jr., Grove G. Sweet, St. Louis, for respondent.

BRADY, Commissioner.

This was an action for personal injuries and damages plaintiff allegedly sustained in an automobile collision occurring on November 10, 1958, at the intersection of Prairie and Page Avenues in the City of St. Louis, Missouri. The case was tried in February of 1961 and resulted in an unanimous jury verdict for the defendant. The transcript was filed with this Court in September, 1961 and after resettings upon application of counsel we heard the appeal during our October, 1962 docket. Inasmuch as the issues raised in this appeal do not involve the injuries plaintiff allegedly incurred, the description thereof and of the medical testimony going thereto will not be stated herein. The parties will be referred to by their designation at the trial.

■ In his first assignment of error, plaintiff alleges that the trial court erred in allowing the defendant to cross-examine the plaintiff as to addresses he had given to the police on prior occasions, and as the reason therefor he urges that " * * * by virtue of these questions defendant was allowed to bring before the jury the fact that on numerous occasions plaintiff had been arrested; for the further reason that a mere arrest is not admissible to affect the credibility of a witness." For a second assignment of error, the plaintiff alleges that the trial court erred in allowing the defendant to cross-examine the plaintiff concerning a statement regarding an address in relation to an arrest. Up to that point, it would seem that his second allegation of error is practically the same as the first, and he even assigns in his second allegation of error " * * * for the reason set forth in Paragraph 1 * * *" but he goes on to allege " * * * and the court erred in overruling plaintiff's motion for mistrial for the reason that the error was before the jury." The plaintiff sets forth two other allegations of prejudicial error in his brief. A reference to the motion for new trial discloses that such motion does not contain any allegation of error dealing with the trial court's action in allowing defendant's counsel to cross-examine the plaintiff with regard to the facts and circumstances of one of his convictions for burglary, which conviction had been admitted by plaintiff's counsel. Accordingly we will not review the point. Civil Rule 83.13(a), V.A.M.R. Neither do we deem it a point which should be considered under the provisions of Civil Rule 79.04, V.A.M.R. The plaintiff's other assignment of error deals with the giving and reading of Instruction No. 7. Under the disposition made herein of this appeal, it is unnecessary to consider this point. Accordingly the evidentiary matters pertaining to these points are not stated herein.

The plaintiff testified that he lived at 4052 Kennerly in St. Louis City; that the accident occurred on a dry, clear day at about six P.M. or " *. * * just after dusk"; that he was a passenger in the car of Mr. Cheatham, who was deceased at date of trial, and who had lived in the same block on Kennerly as his mother and had offered him a ride from his mother's house at 4052 Kennerly to his room at 3869 Cook; that they proceeded in the Cheatham automobile southwardly on Prairie Avenue and stopped at the intersection of that street and Page Avenue for a stop sign which controlled Prairie Avenue traffic; that Cheatham's automobile had a standard transmission and he brought it to a full stop, shifting into first gear; that as they pulled "over from the curb" he first saw the defendant's automobile proceeding eastwardly on Page; that it was the only automobile then in sight coming from that direction; that the defendant's automobile was then one-half to three-fourths of a block away; that as they got "about center line of Page" he looked again and saw the defendant's car a "little less than half a block" away; and that when he saw the automobile "continuing to the

same effect" he remarked to Cheatham "I think he is going to hit us." The plaintiff's further testimony and the evidence from pictures he introduced as marked by witnesses showed the Cheatham car to have crossed five of the six lanes of traffic on Page, and the impact to have taken place in the sixth or most southwardly lane of the intersection; that this was the lane in which the defendant was traveling; that the defendant never swerved or sounded his horn or applied his brakes prior to the impact; that Cheatham was proceeding at 15 to 18 miles per hour as he crossed the intersection; that with respect to Cheatham's car, the impact took place at the right front door as shown by Exhibit 4; that the force of the impact turned Cheatham's car around in a northwesterly direction.

The evidence as given by the defendant was violently contradictory. The credibility of the parties was therefore directly in issue. Defendant undertook to attack the plaintiff's credibility by showing that the address he gave at the trial was different than that he gave at the scene of the accident. While that inquiry was progressing and while making an objection, the plaintiff's counsel in the presence of the jury, stated that the purpose of such inquiry was to bring " * * * in matters not admissible—I assume, arrest." This was the first mention of the word "arrest". At this point, the inquiry was confined to plaintiff's statements with regard to two addresses, 4052 Kennerly and 3686 Cook, and to three occasions; at the scene, a week earlier and a week and a day earlier. After plaintiff's objection was overruled, the defendant's counsel proceeded to inquire further of plaintiff who stated that his address had always been 4052 Kennerly and that had been his address since 1956. Defendant's counsel then inquired about two occasions the year before this accident and asked if plaintiff had not "told police" he lived at 4144 Washington in July of 1957. There was no objection and

plaintiff answered "Yes sir." He was then asked if he recalled talking to the police on September 26, 1957. He replied "No, I don't" and the defendant's counsel then referred to his arrest by asking "Do you recall a little matter of being arrested?" The occurrence appears in the transcript as follows:

"Q.   Do you recall a little matter of being arrested?

"MR. BYRNE:   If your honor please, I object to any evidence of arrest. I ask the jury—

"THE COURT:   Sustained.

"MR. BYRNE:   I ask the jury be instructed to disregard it. I move for a mistrial and discharge of the jury.

"THE COURT:   You want to join in that.

"MR. SWEET:   I wanted to lay a foundation.

"THE COURT:   The fact of the arrest, I sustain the objection to that, unless something follows, the arrest alone is not any ground at all. Mr. Byrne is moving for mistrial; he is plaintiff. Are you joining in that motion?

"MR. SWEET:   No, your honor.

"THE COURT:   All right. I will deny it. Go ahead."

At common law a convicted felon was not a competent witness. Section 491.050 RSMo 1959, V.A.M.S. provides for the testimony of such a person but also provides his convictions may be proved in an attack upon his credibility by the rec-

ord or by his own cross-examination. Thus it has been the rule that an arrest may be shown where it is later shown to be the preliminary or to have resulted in a conviction for the matter for which he was arrested. While defendant's counsel stated he was trying to lay a foundation, he did not make any offer of proof to show that such was indeed his intention and there is no connection shown in the transcript between the arrest inquired into and the admitted conviction. It might well be urged that it cannot be prejudicial to inquire as to the arrest of a defendant who admitted to two convictions and who denied still another conviction in California only to have that third conviction established by uncontrovertible evidence, because that party had been so discredited by the evidence of his convictions that an arrest could not fairly be said to have prejudiced him with the jury. The answer to that contention is that such is not the law in this state. Our rule is that even where the conviction or convictions are admitted, it is reversible error to inquire into a party's or a witness' arrest or arrests. State v. Rumfelt, Mo., 258 S.W. 2d 619. In this case, the trial court sustained the objection but specifically overruled the request for a mistrial and by directing counsel to "go ahead" overruled also the request that the jury be instructed to disregard the inquiry regarding the plaintiff's arrest. Under these circumstances, the plaintiff is entitled to a new trial and the judgment should be reversed and the cause remanded. The Commissioner so recommends.

PER CURIAM.

The opinion of BRADY, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded.

RUDDY, Acting P. J., and FRANK W. HAYES and RAY E. WATSON, Special Judges, concur.

ANDERSON, P. J., and WOLFE, J., not participating.