**STATE of Missouri, Plaintiff-Respondent,**

v.

**William Roy MASSA, Defendant-Appellant.**

**No. 35606.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 6, 1974.

Lawrence O. Willbrand, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Donald Bird, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., St. Louis, Charles G. Blackmar, Sp. Asst. Atty. Gen., Clayton, for plaintiff-respondent.

WEIER, Judge.

Defendant was charged by information under the Second Offender Act with possession of Methamphetamine Hydrochloride, alleged to be a Schedule II controlled substance under § 195.020, RSMo. 1969, V.A.M.S. The jury returned a verdict of guilty, and the court assessed punishment at two years imprisonment.

Defendant testified on his own behalf at trial and admitted to having the prohibited substance on his person when arrested for several traffic violations. He sought to establish, however, that he was unaware of the character of the drug, and that he was not intentionally and consciously in possession of it. On direct examination defendant admitted to two prior convictions for assault with intent to rob. During cross-examination defendant further admitted to an arrest in California (for which he was convicted) for illegal possession of sleeping pills. Defendant subsequently testified that aside from the offense for which he was being tried, the arrest in California constituted his only involvement with narcotics. The prosecutor then asked: "Do you recall being arrested on March 4, 1967, in St. Louis for possession of marijuana?" Defense counsel objected before an answer was elicited from defendant, and at a conference outside the hearing of the jury the prosecutor admitted that he had no knowledge of a conviction resulting from this arrest. The trial court thereupon instructed the jury to disregard the question and overruled defendant's request for a mistrial. Since the state admits the

impropriety of the question asked defendant, the sole issue before us is whether the trial court erred in refusing to grant defendant a new trial.

It is a well established rule in Missouri that a criminal defendant who elects to testify on his own behalf may be impeached as any other witness and is subject to cross-examination on prior convictions for the purpose of affecting his credibility. State v. Amos, 490 S.W.2d 328, 330 [1] (Mo.App.1972); State v. Frey, 459 S.W.2d 359, 360 (Mo.1970); §§ 491.050, 546.-260, RSMo 1969, V.A.M.S. But although the credibility of a witness convicted of a crime may be tested by asking him about his convictions, he may not be asked about his arrests. State v. Rumfelt, 258 S.W.2d 619[1] (Mo.1953). And it is reversible error for a party or witness to be impeached by a showing of an arrest even where he had testified about previous convictions. *Rumfelt, supra* at 620[2]; Harris v. Williams, 363 S.W.2d 51, 53[4] (Mo.App.1962). In *Harris,* objection to the question on arrest was sustained but the trial court overruled the motion for a mistrial and failed to instruct the jury to disregard the questioning. The state in its brief contends that the instant case is distinguishable from *Harris* in that the jury herein was instructed to disregard the unanswered question. We disagree. We have interpreted the rule in *Harris* to be that questioning on arrests alone is cause for reversal and remand for a new trial. State v. Taylor, 498 S.W.2d 614, 616[1, 2] (Mo.App.1973). See also State v. Williams, 492 S.W.2d 1, 6[8] (Mo.App.1973). This rule is in accord with the policy of our statutory law now expressed in § 610.100 et seq., RSMo. 1969, V.A.M.S., which provide that arrest records which do not result in charges filed be expunged and those where prosecution does not result in conviction be closed.[1]

. Accordingly, the judgment is reversed and the case remanded for a new trial.

DOWD, C. J., and SIMEONE and KELLY, JJ., concur.

---

1. § 610.110 provides: "No person as to whom such records have become closed records or as to whom such records have been expunged shall thereafter under any provision of law be held to be guilty of perjury or otherwise of giving a false statement by reason of his failure to recite or acknowledge such arrest or trial in response to any inquiry made of him for any purpose."