Alfred M. WEATHERLY,
Plaintiff-Appellant,

v.

Thomas Eugene MISKLE,
Defendant-Respondent.

No. 45520.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 2, 1983.

Gerald K. Rabushka, Clayton, for plaintiff-appellant.

Daniel E. Wilke, Clayton, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

This is an appeal from a cause of action arising out of an automobile collision in which the jury's verdict was in favor of the defendant-respondent and against plaintiff-appellant. The principal issue on appeal is whether the trial court erred in admitting into evidence a letter written by a chiropractic doctor and sent through bulk mail advertising to attorneys. We affirm.

On June 4, 1980, appellant was operating his automobile in St. Charles County, Missouri. The appellant was stopped at a traffic signal when his automobile was struck from behind by an automobile operated by respondent. The impact of the collision caused appellant to strike the steering wheel and the roof of the car.

Respondent testified by deposition that it had been recently raining and the road was wet. Respondent further stated that while operating his vehicle, debris from passing vehicles splashed on his windshield. Respondent attempted to clear the debris by turning on his wipers but this resulted in smearing the windshield and obstructing his vision. When the debris finally cleared, respondent observed appellant's car in front of him but was unable to stop his vehicle in time to prevent the accident. Respondent estimated he was traveling at 30–35 miles per hour when first viewing appellant's vehicle.

Subsequently, appellant was taken by ambulance to St. Joseph's Hospital in St. Charles. At St. Joseph's, appellant was x-rayed and given instructions to apply ice and then heat to his neck and lower back. Upon leaving the hospital appellant was treated by Dr. William Schierman. After three visits, Dr. Schierman determined that no permanent injury resulted from the accident. One month later, appellant visited Anthony Sciortino, a chiropractic doctor. Dr. Sciortino testified by deposition that the accident of June 4 caused injuries to appel-

lant's spine, neck and back and that these injuries are permanent.

On behalf of the respondent, appellant was examined by Dr. Edwin Carter, a medical doctor specializing in orthopedic surgery. Dr. Carter found no objective signs of any residual disability from the accident and no permanent disability.

Robert Holdman, a records custodian for Commercial Letter, Inc., also testified by deposition on behalf of respondent. He appeared in response to a subpoena duces tecum for records of mail advertising done by Dr. Sciortino. Holdman produced a four paragraph letter that was sent to Commercial Letter, Inc.'s mailing list of attorneys. On September 26, 1980 and September 29, 1980, Dr. Sciortino's letter was mailed to 2,081 attorneys. The letter reads as follows:

Enclosed is a brochure of the Northwest Chiropractic Centre which we hope you will find informative and interesting regarding the practice of Chiropractic.

At the Centre we have endeavored to keep pace with the evergrowing acceptance of Chiropractic in the field of personal injuries due to auto and work-accident injuries. We feel strongly confident that Chiropractic is able to provide the best possible care in a great majority of these accident cases.

We would be delighted to show you our office and demonstrate how Chiropractic can effectively treat conditions regarding post-injury care and discuss in detail Chiropractic's answer to soft tissue injury and other accident related problems.

We look forward to hearing from you.

Sincerely,

/s/ Anthony J. Sciortino, D.C.

Appellant alleges trial court error in admitting into evidence testimony pertaining to the fact that Dr. Sciortino, appellant's treating chiropractor, had caused a bulk mail advertisement to be sent to 2,081 attorneys listed in the yellow pages. It is appellant's contention that this evidence

was irrelevant and served no other purpose than to prejudice the jury. We disagree.

■ While it is true that immaterial and incompetent evidence may not be brought before the jury under the guise that it impeaches or discredits the witness, *Brug v. Manufacturers Bank and Trust Company,* 461 S.W.2d 269 (Mo. banc 1970), the determination of whether proffered evidence is relevant is, in the first instance, within the sound discretion of the trial court. *City of Cape Girardeau v. Robertson,* 615 S.W.2d 526 (Mo.App.1981). This determination of relevancy will be upheld on appeal absent a showing of abuse of discretion. *Id.*

■ The purpose of the proffered evidence was to impeach Dr. Sciortino for interest and bias. Pecuniary interest of a witness, or his bias or prejudice, can always be shown. *Houfburg v. Kansas City Stockyards Company of Maine,* 283 S.W.2d 539 (Mo.1955). The jury is entitled to know everything that might affect a witness' credibility and the weight to be given his testimony. *Schuler v. St. Louis Can Company,* 322 Mo. 765, 18 S.W.2d 42 (Mo.1929).

■ In the case at bar, it may be inferred from Dr. Sciortino's letter that he is willing to testify as an expert witness in personal injury cases. In *Zarisky v. Kansas City Public Service,* 239 Mo.App. 396, 186 S.W.2d 854 (Mo.App.1945), the court held that it was not improper to make general inquiries of the physician testifying as a witness to the frequency with which he had appeared in personal injury cases as a witness for the defendant. We find it equally permissible to make inquiries of Dr. Sciortino's willingness to testify for any client. This fact is relevant to show possible bias on his part and is not a collateral matter. The extent to which one party may go in demonstrating the interest or bias of an adverse witness is within the discretion of the trial court and absent a clear abuse of discretion, the reviewing court will not interfere with the trial court's ruling. *Thornton v. Vonallmon,* 456 S.W.2d 795 (Mo.App. 1970). We cannot conclude that the trial court abused its discretion by admitting into evidence the letter solicited by Dr. Sciortino or testimony pertaining to the letter.

Appellant raises two additional arguments on appeal: that the trial court erred in failing to sustain appellant's motion for a directed verdict in that the evidence showed negligence on the part of respondent and showed no negligence on the part of appellant and the trial court erred in failing to grant appellant a new trial as the verdict was against the weight of the evidence. We shall discuss both points briefly.

■ The determination of negligence is a question of fact to be decided by the jury and it is for the trial court and not this court to determine whether the jury's verdict is against the weight of the evidence. *Roberts v. Wayne,* 624 S.W.2d 523 (Mo.App. 1981).

■ The facts reveal that the accident was caused by debris splashing on respondent's windshield and obstructing his vision. After weighing the evidence, the jury could reasonably determine that respondent was not negligent in the operation of his motor vehicle. Rear-end collisions do not mandate a verdict for the plaintiff. Furthermore, respondent presented expert testimony in direct opposition to that offered by appellant's expert witness. The jury was free to believe or disbelieve either witness. The trial court did not err in denying appellant's motion for a directed verdict or his motion for a new trial.

Judgment affirmed.

SMITH and KELLY, JJ., concur.