The **WILLIAMS CARVER COMPANY, Respondent,**

v.

**POOS BROTHERS, INC., Appellant.**

No. WD 41163.

Missouri Court of Appeals,
Western District.

Aug. 15, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 3, 1989.

Application to Transfer Denied
Nov. 14, 1989.

Denise L. Roberts, Chinnery, Stover, Waldo, Huston & Bertram, P.C., Lee's Summit, for appellant.

Matthew R. Hale, Polsinelli, White, Vardeman & Shalton, Kansas City, for respondent.

Before SHANGLER, J., Presiding, and LOWENSTEIN and ULRICH, JJ.

ULRICH, Judge.

Following a fire at the Poos Brothers' Meat Locker in Lee's Summit, Missouri, The Williams Carver Co., a Missouri corporation, installed refrigeration systems at the facility for Poos Brothers, Inc. Poos Brothers, Inc., dissatisfied with the result, paid only a portion of the price claimed, and The Williams Carver Co. filed suit. The jury returned a verdict for the respondent, The Williams Carver Co., for $20,828.82 on its claim based in quantum meruit and against appellant, Poos Brothers, Inc., on its counterclaim alleging fraudulent misrepresentation. Judgment was entered accordingly. Poos Brothers, Inc., had sought punitive damages for its claim of fraudulent misrepresentation, and the trial court refused to submit the punitive damage is-

sue to the jury, directing a verdict on the issue in favor of The Williams Carver Co. Poos Brothers, Inc., appeals from the judgment. The judgment is affirmed.

The Poos Brothers Meat Locker in Lee's Summit, Missouri, is the location of a meat processing plant operated by Poos Brothers, Inc. (Poos Brothers). During the early morning of Friday, October 17, 1986, the rear fifty feet of the structure containing the plant was destroyed by fire. This section of the building contained most of the refrigeration equipment for the plant, which included both Freon and ammonia systems. That morning following the fire Mr. Leon West of The Williams Carver Co. contacted Poos Brothers about replacing the damaged refrigeration equipment and supplying emergency refrigeration for the plant. A "work order" providing for the installation of refrigeration equipment at the plant by The Williams Carver Co. was agreed to by the parties.

The Williams Carver Co. commenced work on the date of the fire alongside other contractors retained by Poos Brothers to repair the damaged building. The refrigeration equipment to be installed by The Williams Carver Co. included both an ammonia system and a Freon system. The Freon system was installed and operating on October 20, 1986, the Monday following the fire. Mr. West was unable to locate a compressor for the ammonia system similar to the one destroyed in the fire. He, therefore, ordered a newer style "Vilter" compressor the day of the fire, and the ammonia system was installed and functional on November 7, 1986.

The Williams Carver Co. charged Poos Brothers $41,523.40 for installing the refrigeration systems. Poos Brothers paid only $10,000, and The Williams Carver Co. brought suit for the balance. Poos Brothers counterclaimed for fraud and sought punitive damages, claiming that The Williams Carver Co. misrepresented itself as being able to install equipment to fit Poos Brothers' refrigeration needs. The jury rejected Poos Brothers' attempt to prove the inadequacy of the systems installed, denied Poos Brothers' fraud claim

against The Williams Carver Co., and awarded The Williams Carver Co. $20,828.82 on a quantum meruit theory of recovery. Although the trial court submitted Poos Brothers' fraud claim to the jury, the court directed a verdict in favor of The Williams Carver Co. on the punitive damages claim, and the issue was not submitted to the jury.

Appellant, Poos Brothers, contends that the trial court erred by directing a verdict on its punitive damage claim and, in a related point, by precluding discovery of financial information about The Williams Carver Co. Poos Brothers' amended counterclaim contained a claim for punitive damages pursuant to a fraudulent misrepresentation theory. Poos Brothers also contends that the sum awarded to The Williams Carver Co. as damages was not supported by substantial evidence, and that the trial court erred by refusing to grant a new trial because of jury misconduct.

Poos Brothers was not prejudiced when the trial court sustained The Williams Carver Co.'s motion for a directed verdict on Poos Brothers' claim for punitive damages. Actual damages must be awarded before punitive damages may be awarded. *Thornbrugh v. Poulin,* 679 S.W.2d 416, 419 (Mo.App.1984); *State v. Kansas City Firefighters Local 42,* 672 S.W.2d 99, 126 (Mo.App.1984). Poos Brothers' claim for fraudulent misrepresentation was rejected by the jury and the verdict was for Williams Carver Co. Because no actual damages were awarded, Poos Brothers is not entitled to punitive damages. If the court erred by sustaining The Williams Carver Co.'s motion for a directed verdict on the punitive damage issue resulting in the nonsubmission of the punitive damage issue to the jury, a question unnecessary for this court to consider, the error was harmless.

The jury's verdict for The Williams Carver Co. on Poos Brothers' fraudulent misrepresentation claim also resolves the issue of the trial court's refusal to permit discovery of financial information about The Williams Carver Co. The general rule states that evidence of a defendant's

financial condition is relevant and admissible in an action seeking punitive damages where the appropriate burden for submission of the issue has been met. *State ex rel. Ford v. Adolf,* 724 S.W.2d 612 (Mo.App.1986). Therefore, certain financial information about a party subject to an exemplary damage claim may reasonably lead to the discovery of admissible evidence and is discoverable. Rule 56.01(b)(1). The trial court, however, is empowered with the authority to control and limit discovery. The propriety of discovery is within the discretion of the trial court and will not be disturbed except for abuse of discretion. *State ex rel. Kuehl v. Baker,* 663 S.W.2d 410 (Mo.App.1983). The trial court acted within the scope of its authority by granting Poos Brothers' discovery of Williams Carver Co.'s financial information conditioned upon Poos Brothers establishing a submissible case for punitive damages. Rule 56.01(c). Because no actual damages were awarded, punitive damages cannot be assessed, and no prejudice derives from the trial court's ruling precluding Poos Brothers from receiving information about Williams Carver Co.'s financial status.

■ Poos Brothers next alleges that damages of $20,828.82, awarded under a quantum meruit theory, were not proven reasonable by substantial evidence. Quantum meruit recovery is limited to the reasonable value of services performed, the plaintiff has the burden of proving the reasonable value, and expert testimony is required to assist the finder of fact in determining reasonableness. *Baron v. Lerman,* 719 S.W.2d 72, 77 (Mo.App.1986). Mr. Mervin Carver, President of The Williams Carver Co., testified that the respondent submitted invoices to Poos Brothers for work performed. The invoices and documents supporting the invoices were introduced as evidence. Mr. West testified about the installation of the refrigeration systems, that the work performed was reflected accurately by the invoices, and, as The Williams Carver Co.'s expert, he testified that the amount charged for the work performed was reasonable and performed in a workmanlike manner.

■ Mr. West's credentials established him as a refrigeration expert. He had worked with refrigeration equipment for thirty-nine years. He first attended refrigeration school while in the Navy, and he has taken a total of 103 refrigeration courses or courses applicable to refrigeration while in military service, including courses about ammonia and Freon refrigeration systems. While in the service, he received an associate degree in marine engineering from the Merchant Marine Academy. The curriculum for the marine engineering degree included courses about refrigeration. While in the military service, Mr. West taught refrigeration courses. He also participated in the construction of refrigeration units for Navy organizations, and he designed approximately one hundred Freon and ammonia refrigeration systems. After leaving the military service, Mr. West worked for the federal government and private industry in jobs that required the design and installation of ammonia and Freon refrigeration systems.

■ Consistent with the rationale expressed in *Baron,* Mr. West's firsthand knowledge of the case and his qualifications as an expert qualified him to testify about the reasonableness of work performed. *Baron,* 719 S.W.2d at 77, citing *Curnow v. Sloan,* 625 S.W.2d 605, 607 (Mo. banc 1981). The Williams Carver Co. met its burden and proved the reasonable value of the services rendered. The jury award was within the range of the labor and material costs resulting from work performed and reflected by the invoices sent to Poos Brothers and is, therefore, supported by the weight of the evidence.

Finally, Poos Brothers contends that the trial court abused its discretion by refusing to grant a new trial for alleged jury misconduct. Accompanying Poos Brothers' motion for a new trial, Henry Poos, vice president of Poos Brothers, submitted his affidavit stating that following the return of the jury's verdict a juror approached him and inquired whether Poos Brothers had insurance to cover its loss resulting from the fire. The affidavit also says the juror stated, "that was part of the reason that

**688**

the jury reached the verdict that it did." No evidence regarding insurance was admitted during trial.

Poos Brothers attempts to impeach the jury's verdict by an interested party's affidavit which purports to state a juror's comments about what the jury considered when deliberating its verdict. In Missouri, an affidavit or testimony of a juror is inadmissible and is not to be received in evidence for the purpose of impeaching the jury's verdict. *Black v. Cowan Construction Co.*, 738 S.W.2d 617, 620 (Mo.App.1987); *Maxam v. Dillon*, 674 S.W.2d 258, 260 (Mo.App.1984). The purported statement of a juror offered by another person's affidavit will not be granted greater status than would the affidavit or testimony of the juror. Jury deliberation must be guarded to bring finality to the litigation process, and in addition to the rule precluding a juror's testimony about the jury's deliberation, matters inherent in the verdict are not assailable by affidavit of anyone for the purpose of impeaching the verdict. *Maxam*, 674 S.W.2d at 260; *Baumle v. Smith*, 420 S.W.2d 341, 348 (Mo.1967).

The trial court exercises broad discretion when considering whether a new trial should be granted and its decision will not be set aside absent an abuse of discretion. *Spears v. DeClue*, 133 S.W.2d 1044 (Mo.App.1939), record quashed *State ex rel. Spears v. Hughes*, 142 S.W.2d 3 (Mo. banc 1940). The trial court did not abuse its discretion by denying Poos Brothers a new trial.

The judgment is affirmed.

All concur.