**Mildred CARLISLE, Plaintiff–Appellant,**

v.

**The KROGER CO.,
Defendant–Respondent.**

No. 58198.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 26, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 8, 1991.

Application to Transfer Denied
June 11, 1991.

Ernest L. Keathley, Jr., St. Louis, for plaintiff-appellant.

John P. Emde, St. Louis, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

On June 10, 1983, appellant, Mildred Carlisle (Carlisle), while grocery shopping at The Kroger Company (Kroger) located at 4617 Chippewa, St. Louis, Missouri, was detained by two Kroger employees, Nicholas LeGrand (LeGrand) and John Butler (Butler). At that time LeGrand was employed as the Kroger store manager. Butler worked as head grocery clerk for Kroger. According to Carlisle's testimony at trial, LeGrand and Butler, acting in the scope and course of employment with Kroger, detained Carlisle's personal property consisting of her purse (tote bag) and its contents.

On October 15, 1985, Carlisle filed a four count petition against Kroger, LeGrand, and Butler alleging that the conversion of her personal property caused her emotional harm, and she claimed $10,000 in actual damages and $100,000 in punitive damages. However, on November 28, 1989, Carlisle dismissed Counts I, III, and IV without prejudice, and proceeded to trial on Count II, which was solely against Kroger. On November 29, 1989, the action was tried before a jury. The jury found the total damages of Carlisle, disregarding any fault on the part of Kroger, to be no dollars and no cents. The costs of the action were also taxed against Carlisle. On March 22, 1990, appellant brought this appeal.

Appellant, in her first point on appeal, argues that the trial court erred in not applying the rule of witness exclusion to Butler, and, over appellant's objection, permitted him to remain in the courtroom during opening statements of the parties and during appellant's testimony. Appellant contends that the trial court should have excluded Butler because respondent-Kroger intended to call Butler as a witness, and Butler was neither an employee of Kroger nor a party to the lawsuit.

The record shows the following:

THE COURT: Mr. Keathley, you may make the opening statement for the plaintiff.

MR. KEATHLEY (Appellant's attorney): Before I do that, Your Honor, may I approach the bench?

THE COURT: Okay, come over here. (Counsel approached the bench and the following proceedings were had:)

MR. KEATHLEY: Your Honor, I noticed that the gentleman identified yesterday as John Butler is sitting in the courtroom, and it's my understanding that the defense may call him as a witness. If they are going to call him as a witness, I ask the Court to order that he be excluded from the courtroom until it is time for him to testify.

MR. EMDE (Respondent's Attorney): We're entitled to have a representative here, and he's a representative.

MR. KEATHLEY: From what I understand—

MR. EMDE: It doesn't have to be an employee, just have a person of our choice. He's the person we choose to have here.

MR. KEATHLEY: Then he is not an employee, he is not a party to this suit, he was dropped as a party to this suit, and he has no right other than any witness to be present in the courtroom.

MR. EMDE: It's the position of the defendant, Your Honor, that a corporate defendant is entitled to designate one person as its representative that it chooses, whether employed or not employed, and that person can't be changed, you get one person, that's it, and we're designating Mr. Butler.

THE COURT: That's my general notion of it.

Mr. Keathley, if you have a case on point—if this was a multi-witness case I think that you could have people excluded; however, just as the plaintiff has the

right to stay here—she's present at counsel table and she'll be able to be present for all the proceedings—I believe they are entitled to designate one person. So if he's it—I mean, if they've got any other witnesses, I'll grant the motion as to both sides, anyone other than who's sitting at counsel table or designated by the parties will be exluded [sic], but defendant Kroger has designated him as their designated person so I think they are entitled to keep one here.

And if you want to preserve that on the record, go right ahead.

MR. KEATHLEY: I wish to—may I have time to find some authority to present to the Court to support our position, say, approximately one hour?

THE COURT: To adjourn the proceedings?

MR. KEATHLEY: Yes, for a recess for one hour or so, and I can obtain authority to support my position.

THE COURT: You know, if you want to—off the top of my head I don't know what the Supreme Court rule is. Do either one of you?

MR. EMDE: I don't know if there is a specific rule on it, Your Honor. I certainly can go look.

It seems to me that the plaintiff announced he was ready, and it would be a delaying tactic in my view.

THE COURT: I think you've got to take a position, and we can't adjourn for every point of law that's going to be discussed. It seems to me—but it's a discretionary matter, and I can take a look at the rule, I don't know that there is a rule—

MR. KEATHLEY: There was no announcement yesterday or at any time earlier that Mr. Butler was being designated by Kroger as being Kroger's representative in this case.

MR. EMDE: You never at any time before trial was supposed to begin this morning indicated you wanted to invoke, quote, the rule, unquote, with regard to the exclusion of witnesses either, so it didn't come up.

MR. KEATHLEY: The trial hasn't started yet.

THE COURT: You've preserved it. I'll overrule. We can proceed.

■ The decision to invoke or not invoke the rule excluding witnesses is left to "the sound discretion of the trial court and subject to reversal only upon a showing of abuse and prejudice." *Spaunhorst v. Spaunhorst*, 650 S.W.2d 650, 655 (Mo.App. 1983); *Standford v. Morgan*, 588 S.W.2d 89 (Mo.App.1979). In *Crews v. Kansas City Public Service Co.*, 341 Mo. 1090, 111 S.W.2d 54, 60 (1937), the court succinctly stated:

It never has been considered necessary by courts or lawyers to enforce the rule in all cases, and it might be used to unnecessarily delay and obstruct trials. Courts should not arbitrarily refuse to enforce it, but neither should litigants or lawyers be permitted to arbitrarily require it. The propriety of the exercise of discretion to refuse its enforcement must necessarily be determined in the light of the circumstances of the particular case.

Here, the record reflects that the trial court acted within its discretion in refusing the sequester of Butler. The record reveals that Carlisle gave no other reason to the trial court other than Butler would be called as a defense witness. We find an insufficient showing of prejudice and that the trial court did not abuse its discretion in denying Carlisle's motion for a sequestration of the witness, Butler. Point denied.

■ In Carlisle's second point, she contends that the trial court erred in prohibiting her, during closing argument, to comment upon Kroger's failure to call Nicholas LeGrand as a witness. Carlisle argues that the trial court should have overruled Kroger's objection and allowed such comment. Carlisle maintains that Kroger had greater access to the witness because LeGrand was presumably still an employee of Kroger.

■ This court is not concerned with the grounds upon which the trial court may have ruled, but only whether the trial court

acted erroneously and to the prejudice of appellant. *Wilson v. Miss Hulling's Cafeteria*, 360 Mo. 559, 229 S.W.2d 556, 562 (1950). A defendant is not required to produce every available witness, and an unfavorable inference may not be drawn where the witness produced has equal or superior knowledge of those not produced. *Russell v. St. Louis Public Service Co.*, 251 S.W.2d 595, 599 (Mo.1952); *Wilson v. Miss Hulling's Cafeteria*, 229 S.W.2d 556 at 562. "Where it appears that the evidence which was not produced would have been relatively unimportant in the case, either as inferior to that already realized, or else as merely corroborative of, or cumulative to, such evidence, then no unfavorable inference is warranted because of its nonproduction." *Wilson v. Miss Hulling's Cafeteria*, 229 S.W.2d 556 at 562; *Roehl v. Ralph*, 84 S.W.2d 405, 413 (Mo.App.1935). This inference only applies to the failure of a party to testify on his own behalf or to call other witnesses within his power who have knowledge of the facts and circumstances. *Williams v. Ricklemann*, 292 S.W.2d 276 (Mo.1956); *Russell v. Franks*, 343 Mo. 159, 120 S.W.2d 37 (1938). Even if an employer-employee relationship exists, the employee is not necessarily more available to the employer. *Farley v. Johnny Londoff Chevrolet*, 673 S.W.2d 800 (Mo.App.1984); *Leehy v. Supreme Exp. & Transfer Co.*, 646 S.W.2d 786 (Mo. banc 1983).

In the present case, no unfavorable inference can be drawn from Kroger's failure to call LeGrand as a witness. The record does reveal that LeGrand was employed by Kroger as store manager and was on duty June 10, 1983, the date the incident occurred. However, as Butler testified at trial, he initially witnessed Carlisle placing the two cartons of cigarettes into her tote bag, which was in the back of the grocery cart. LeGrand was called to the scene by Butler only after Butler's initial observation. Butler testified that he did not leave the scene throughout the duration of the incident. Thus, the appellant can not conclude that LeGrand was the most knowledgeable witness Kroger could have produced.

Additionally, the record reveals that LeGrand was no longer employed by Kroger. In November of 1986, three years prior to trial, Kroger had closed its stores in the St. Louis area. On December 21, 1988, in answer to Carlisle's interrogatories, Kroger informed her that LeGrand was no longer an employee and his present home or business address was unknown. Carlisle had initially named LeGrand as a party to her suit, but was unable to achieve service herself, and later dropped him from her action. Thus, at the time of trial both plaintiff-Carlisle and defendant-Kroger did not know the whereabouts of LeGrand. In *Farley v. Johnny Londoff Chevrolet, Inc.*, 673 S.W.2d 800 (Mo.App.1984), the Honorable Judge Satz, writing for a unanimous panel of this Court, held that an adverse inference could not be drawn from failure to call a witness who was no longer employed by the party at the time of trial. In this circumstance, Judge Satz reasoned that there was no basis to conclude the witness was more available to that party. *Id.* at 805. Here, there was no evidence that LeGrand was an employee of Kroger at the time of trial and, thus, more available to Kroger. Therefore, the trial court correctly ruled in not allowing Carlisle to comment upon Kroger's failure to call LeGrand as a witness during closing arguments. Point denied.

In the third point on appeal, appellant argues that the trial court erred in permitting Kroger to cross-examine Carlisle and to question another witness, Ed Martin (Martin), with respect to prior arrests. Appellant contends the trial court should have excluded any evidence of prior arrests because there was no evidence that any of the arrests had resulted in a conviction.

The trial court allowed Kroger to cross-examine Carlisle concerning her arrests, (1) for leaving the scene of an accident, and (2) for peace disturbance. It also allowed Kroger to call Martin to testify about an arrest at a National Food Store for shoplifting. There was no proof of conviction of any of these charges.

It is still generally improper to show an arrest against the witness unless

it is shown that there has been conviction. *Harris v. Williams*, 363 S.W.2d 51, 54 (Mo. App.1962); *Davis v. Moore*, 553 S.W.2d 559, 564 (Mo.App.1979). It is also true that immaterial and incompetent evidence may not be brought before the jury under the guise that it impeaches or discredits the witness. *Weatherly v. Miskle*, 655 S.W.2d 842, 844 (Mo.App.1983); *Brug v. Manufacturers Bank and Trust Company*, 461 S.W.2d 269 (Mo. banc 1970). However, the determination whether proffered evidence is relevant is, in the first instance, within the sound discretion of the trial court. *Weatherly v. Miskle*, 655 S.W.2d 842 at 844; *City of Cape Girardeau v. Robertson*, 615 S.W.2d 526 (Mo.App.1981). This determination of relevancy will be upheld on appeal absent a showing of abuse of discretion. *Weatherly v. Miskle*, 655 S.W.2d 842 at 844.

 Here, notwithstanding the absence of any proof of conviction, the trial court correctly admitted the evidence that Carlisle had been arrested for shoplifting at the National Food Store. This evidence was relevant to the measure of damages. Carlisle asserted that the incident at Kroger where she was not arrested but simply detained, was the most embarrassing event in her life. However, in the National Food Store incident she was taken into custody at the store and later arrested and taken to the police station. The trial court correctly admitted this evidence because it permitted the finder of fact to evaluate Carlisle's assertions about the extent to which she was embarrassed during the Kroger incident. The evidence was not admitted for the purpose of establishing either a general bad reputation for morality and veracity or for establishing a record of criminal conduct. Instead, it was admitted for the limited purpose of rebutting Carlisle's claim that the Kroger incident was the most embarrassing event in her life. The determination to admit the evidence for this limited purpose was well within the sound discretion of the trial court. The admission of the evidence of the other two arrests was for the same limited purpose of demonstrating that Carlisle had been involved in

other embarrassing incidents. Point denied.

The judgment is affirmed.

KAROHL and GRIMM, JJ., concur.