Martha MANN, Appellant,

v.

NATIONAL SUPERMARKETS, INC., Respondent.

No. 58710.

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 10, 1991.

**92**

James Brandenburg, Clayton, for appellant.

James Allan Gottschalk, Ann E. Hamilton, St. Louis, for respondent.

CARL R. GAERTNER, Judge.

Plaintiff appeals from the trial court's order sustaining the defendant's motion for a new trial following a jury verdict in favor of plaintiff in her suit for damages for personal injuries. We reverse and remand with directions to reinstate the judgment in accordance with the verdict of the jury.

Plaintiff instituted this action seeking damages for injuries sustained when she slipped upon a wet floor in a supermarket. A two-day trial resulted in a finding that plaintiff was nineteen percent at fault and defendant eighty-one percent at fault. The jury assessed plaintiff's damages at the total sum of $80,000. Defendant filed a timely motion for new trial.

Point I of this motion sought a new trial on the grounds of juror misconduct in returning a quotient verdict. Point II alleged one of the nine jurors who signed the verdict was not qualified to serve as a juror because she was not a resident of the City of St. Louis. Point IV of the motion charged trial court error in excluding certain cross-examination testimony of Dr. Carl H. Calman, M.D., from the deposition testimony read to the jury. The trial court sustained the motion on the grounds set forth in point IV and expressly ruled points I and II insufficient to warrant the granting of new trial. On appeal, plaintiff contends that the court erred in awarding defendant a new trial on the evidentiary issue. Defendant argues in support of the trial court's order and, alternatively, that the granting of a new trial is additionally justified on the grounds set forth in points I and II of its motion. Because we have determined the trial court erred in sustaining the motion for a new trial for the reasons stated in point IV, we shall also address defendant's contentions regarding the other points asserted in its new trial motion. See, *McKnight v. Mid–West Eye Inst.*, 799 S.W.2d 909, 919 (Mo.App.1990).

The only medical testimony presented by plaintiff was the deposition testimony of Dr. Calman. On cross-examination of the doctor, defendant's attorney had marked as Exhibit A what he stated to be "an advertisement from the St. Louis County (sic, obviously the St. Louis Countian, a daily newspaper devoted to publication of legal notices and court proceedings) on August 4, 1987, page 35, which read: 'Physician seeking referrals from plaintiff's attorneys and personal injury and workman's compensation cases. Please call office, 434–9008, any day except Wednesday, or call me at home in the evenings at 725–3079.'" Dr. Calman stated he had no recollection of placing that advertisement and denied ever advertising his medical practice. He admitted the telephone numbers were his. At trial, plaintiff's attorney renewed the objection first made at the deposition that the testimony and the exhibit were irrelevant and lacked a proper foundation. The trial court sustained this objection and stated as the basis for this ruling that the purported advertisement was three years old, that the doctor did not admit placing the ad and defendant offered no proof to the contrary and that the subject matter was inadmissible as impeachment.

The order sustaining the defendant's motion for a new trial states "the court erred in excluding deposition testimony regarding Dr. Calman's ads seeking business

from plaintiff's attorneys. *See, Weatherly v. Miskle,* 655 S.W.2d 842 (Mo.App. E.D.1983)." In *Weatherly,* this court held that evidence showing a doctor actively solicited attorneys to refer injured clients to him was properly admitted as tending to show possible bias on the part of the doctor. *Id.* at 844. However, nothing in the trial court's order, indeed nothing anywhere in the record, addresses the total absence of any foundation for the admission of the evidence regarding the advertisement.

The doctor denied placing the advertisement and this denial stands unchallenged. In fact, other than the statement of defendant's attorney, there is a complete absence of evidence that the purported advertisement was published. In the absence of any evidence to lay a foundation of authenticity of the advertisement the evidence was incompetent. The failure to show the advertisement emanated from Dr. Calman renders the evidence irrelevant. The trial court correctly noted these defects when the evidence was offered during trial and properly excluded the testimony. Nothing in the record indicates the defects were corrected. Accordingly, the trial court erroneously concluded it had erred in excluding the testimony.

■ The trial court properly rejected defendant's contention that jury misconduct in returning a quotient verdict required a new trial. This contention was supported by an affidavit of one juror that during deliberations the nine jurors who signed the verdict agreed that the percentages of fault and the damages would be determined by adding the numbers assessed by each individual juror and dividing the total by nine. Arguably, this procedure may be said to be improper as it binds a juror in advance to the acceptance of a verdict in which he or she may not concur. *State ex rel. Missouri State Highway and Transportation Commission v. Kroeger,* 682 S.W.2d 480, 484 (Mo.App.1984). However, it is a well-established rule in Missouri that a juror may not be heard to impeach a verdict. *Williams Carver Co. v. Poos Bros., Inc.,* 778 S.W.2d 684, 688 (Mo.App.

1989); *Black v. Cowan Const. Co.,* 738 S.W.2d 617, 620 (Mo.App.1987). Therefore, the affidavit of the juror can be given no consideration. Defendant offered no other evidence on this point. Therefore, the argument of juror misconduct is unsupported by the valid record.

■ Respondent's second ground for a new trial was that one of the jurors resided outside the City of St. Louis at the time of the trial. Juror Renee Davis lived in the City of St. Louis until February, 1990, and thereafter moved to St. Charles County. In April, 1990, Mrs. Davis received a form regarding juror service in the City of St. Louis. Mrs. Davis was hospitalized at the time and asked her husband to fill out the form so she could sign it. In June, Mrs. Davis appeared for jury service and confirmed the information on the form. At the time of the trial, Mrs. Davis resided in St. Charles County.

Formerly, a non-resident of the City of St. Louis was disqualified from serving upon a jury in the Circuit Court of the City of St. Louis pursuant to § 494.010 RSMo. 1986, but this disqualification was waived if not asserted before the jury was sworn. § 494.050 RSMo.1986. These sections were repealed as a part of a general revision and consolidation of Missouri statutes governing juries in 1989. L.1989, S.B. 127 et al., § A. Non-residency remains a disqualification pursuant to § 494.425(3), RSMo. Supp.1990. However, the former provision regarding waiver of such disqualification was not reenacted. Rather, a party may move to stay proceedings or to seek other appropriate relief within fourteen days after actual or constructive discovery that a selected juror fails to conform to statutory requirements including that of residency. Upon a showing of such nonconformity, the court shall stay proceedings or grant other appropriate relief. § 494.465 RSMo. Supp.1990. Determination of what relief is appropriate is, perforce, a matter of trial court discretion.

In this case, the trial court conducted a hearing and, in the absence of any evidence or prejudice to the defendant, declined to order a new trial because of the innocent

mistake by the unqualified juror. In effect, the trial court determined that the appropriate relief, in the absence of prejudice or any showing that the result was affected by reason of the participation of the non-resident juror, was no relief at all. Under the circumstances of this case we agree with the implicit conclusion of the trial court that the mere fact a non-resident juror by inadvertence became and remained a juror did not materially affect the outcome of the trial. We find no abuse of discretion.

The order of the trial court sustaining defendant's motion for a new trial is reversed and the cause is remanded with directions to enter judgment in favor of plaintiff in the amount of $64,800 and costs in accordance with the verdict of the jury.

SMITH, P.J., and SATZ, J., concur.