**STATE of Missouri ex rel. Marla Y. NEWMAN, Relator,**

v.

**Honorable John R. O'MALLEY, Judge, Division 6, 16th Judicial Circuit Court, Respondent.**

**No. WD 59133.**

Missouri Court of Appeals, Western District.

Sept. 4, 2001.

G. Spencer Miller, Gladstone, for Appellant.

David M. Skeens, Kansas City, for Respondent.

HOLLIGER, Judge.

**Permanent Order in Prohibition**

Relator Marla Newman ("Marla") filed an action in the Circuit Court of Jackson County, Missouri against Defendant Malcolm Newman ("Malcolm"), claiming that he defamed her by mailing a letter to Marla's mother stating that Marla had undergone treatment on two occasions for sexually transmitted diseases. Marla's suit included a claim for damages, including a claim for punitive damages. In furtherance of her punitive damages claim, Marla propounded discovery to Malcolm seeking copies of certain financial records. She requested copies of all federal tax returns from 1994 through 1998, together with copies of any financial statements prepared in the last 5 years. Malcolm objected to the discovery, claiming that the requested information was irrelevant and that the request was propounded to harass him.

Marla filed a motion for enforcement of discovery seeking an order requiring Malcolm to produce the financial records. Marla indicated that she would be amenable to the imposition of a protective order restricting dissemination of those records. After receiving a series of responses and counter-responses from the parties, the trial judge sustained in part Marla's motion. The court ordered Malcolm to deliver the financial records to the court, where they would be kept under seal until Marla

made a submissible case showing that she was entitled to punitive damages. Once a submissible case for punitive damages was made, the order provided that Marla would receive the records. After unsuccessfully seeking reconsideration by the trial judge, Marla sought relief from this court in the form of a writ of prohibition.

■■■ Writs of prohibition are the appropriate procedural vehicle to remedy a denial of proper discovery that could cause a party to suffer considerable hardship that could not be remedied on appeal. *Ferrellgas, L.P. v. Williamson,* 24 S.W.3d 171, 175 (Mo.App.2000). The question before this court is whether the Respondent has improperly denied Marla's discovery of Malcolm's financial information until she has made a submissible case for punitive damages. Generally, a trial court is vested with broad discretion regarding discovery matters. *See State ex rel. LaBarge v. Clifford,* 979 S.W.2d 206, 208 (Mo.App. 1998). If a trial court exceeds its jurisdiction or abuses that discretion, however, an aggrieved party may properly seek the remedy of a writ of prohibition. *Id.*

Marla contends that the trial judge abused his discretion by entering an order refusing her immediate discovery of Malcolm's financial information. She asks that we make our preliminary writ absolute, requiring the trial court to permit full discovery of the requested financial information. We are unaided in our consideration of Marla's request for relief because of the lack of any response filed on behalf of the Respondent.

■■■ It is well settled that when a plaintiff seeks punitive damages against a defendant, evidence of the defendant's financial status is both relevant and admissible. *See State ex rel. Kubatzky v. Holt,* 483 S.W.2d 799, 804 (Mo.App.1972). Discovery of past financial information is often helpful in determining a party's pres-ent financial status. *See State ex rel. Ford v. Adolf,* 724 S.W.2d 612, 615 (Mo.App. 1986). A plaintiff seeking discovery of financial information in support of a punitive damage claim should be afforded an adequate opportunity to examine those materials prior to trial. *See Kubatzky,* 483 S.W.2d at 805.

Marla argues that the trial judge's refusal to permit her to review the financial information filed under seal by Malcolm is in conflict with the holding of *State ex rel. Kubatzky v. Holt, supra.* In *Kubatzky,* as here, the court directed the party defending against a punitive damage claim to file its financial records under seal, to be unsealed and provided to the other party once a submissible case had been made regarding the punitive damage claim. *See id.* at 802. The plaintiff sought a writ of prohibition barring the trial judge from keeping the financial information under seal.

The *Kubatzky* court held that the "protective order" entered by the trial court was overbroad. *See id.* at 806. In support of its holding, the appellate court stated:

> We believe that a court can hedge the examination of a document with such reasonable restrictions in order to protect the privacy of a party but *we cannot construe this language to apply to a situation which deprives counsel of the opportunity prior to trial to examine answers to interrogatories which are relevant and material to an issue of damages.* The right to non-disclosure of private affairs relating to the net worth of the defendants must be subservient to the discovery process as to the party and counsel *if the discovery process is to be meaningful and substantial justice is to be done and practical trial problems avoided.*

*Id.* at 805 (italics added). The court also stated that the dissemination of the financial information to individuals other than the requesting party and his counsel could be properly limited by means of a protective order. *Id.* at 806.

We concur with the reasoning of *Kubatzky* that a party claiming punitive damages is entitled to reasonable discovery of the opposing party's financial status. We also agree that that discovery cannot be forestalled until the requesting party has made a submissible case at trial. To adopt a contrary approach would deprive the requesting party a meaningful attempt to review that information and investigate its veracity.

In *Williams Carver Co. v. Poos Brothers, Inc.,* 778 S.W.2d 684 (Mo.App. 1989), a counterclaiming defendant sought compensatory and punitive damages alleging fraudulent misrepresentation. During the discovery process it sought financial information about the other party's net worth and financial status. The trial court entered an order similar to the one entered by Respondent here. The jury failed to return a verdict in defendant's favor on its counterclaim, thus rendering the claim for punitive damages moot. Nevertheless, the defendant on appeal claimed that the trial court erred in conditioning its review of Williams Carver's financial information upon the making of a submissible case of punitive damages. This court held that because no actual damages were awarded those punitive damages could not be assessed and there was thus no prejudice from the preclusion of discovery about Williams Carver Co.'s financial status. *Id.* at 687. Although unnecessary to its resolution, the court went on to cite the general principles of the trial court's authority to limit and control discovery and to exercise its discretion in determining the propriety of discovery.

*Id.* We cannot determine from *Williams Carver Co.* whether the appellant claimed that the trial court lacked the *authority* to so limit the discovery or whether it claimed the trial court abused its discretion. This court did state, however, "[T]he trial court acted within the scope of its *authority* by granting Poos Brothers' discovery of Williams Carver Co.'s financial information conditioned upon ... a submissible case for punitive damages." *Id.* The court did not clearly consider and state the trial court had properly exercised its discretion. Moreover, this statement is mere *obiter dicta* and not binding upon this court. *Campbell v. Labor and Indus. Relations Comm'n,* 907 S.W.2d 246, 251 (Mo.App.1995). We now find that the trial court abused its discretion in denying Marla access to Malcolm's financial records until she made a submissible case on her punitive damages claim.

The reasoning in *Kubatzky* is persuasive. The court recognized the conflicting interests between one party's desire to avoid annoyance or embarrassment as to private matters and the other party's need for discovery to prepare for trial. Nevertheless, the court said: "[t]o seal the answers to questions relating to personal information places counsel seeking such answers in a position whereby it is difficult, if not impossible, to prepare for trial." *Kubatzky* at 804. If the protected discovery turns out to be incomplete or suggests a need for additional discovery, the middle of trial will probably be too late. Continuance in the middle of a jury trial, or even a mistrial, is too drastic a remedy for the protection of a party's interest in privacy of personal financial information. Moreover, they are impractical remedies even for the party originally seeking discovery. As a consequence the party will most likely "accept" whatever was filed under seal with the court. Nor would in camera re-

view be a satisfactory substitute. It is one thing for a trial court in its proper role to determine whether documents are privileged and therefore protected, for example, from discovery. It is another thing for the trial court to become a substitute for counsel making judgments as to whether discoverable information is complete, and satisfactory or should be further investigated or inquired about. Such an advocacy role is for counsel, after being provided discoverable information, not for the court.

The preliminary order in prohibition is made absolute.

PATRICIA BRECKENRIDGE, P.J., and VICTOR C. HOWARD, J., concur.